## Bank of America National Trust & Savings Assn. *v.* Sunseri et al.

Argued March 29, 1933. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY and LINN, JJ.

*Oliver K. Eaton,* with him *Joseph A. Rossi, Julius L. Schoenberg,* of *Rossi & Schoenberg,* for appellants.—The Act of 1931 requires only for the defendant to allege that a reasonable investigation has been made.

*James M. Bovard,* with him *Moorhead & Knox,* for appellee.—Where the facts denied by general allegations of lack of knowledge are of such a nature that any investigation must have revealed their truth or falsity, it is vain and insufficient to allege that a reasonable investigation actually was made. The facts set forth in plaintiff's statement of claim are not exclusively in plaintiff's control and are susceptible of ascertainment by any investigation.

OPINION BY MR. JUSTICE SIMPSON, April 24, 1933:

Plaintiffs sued upon a note for $17,500, executed in California, for which they had been given, as security, a deed of trust for certain land in that state. The execution and authenticity of the instruments are admitted, and the only defense interposed, to the balance claimed to be due, grows out of alleged errors in the sale of the land described in the deed of trust. The court below entered judgment for want of a sufficient affidavit of defense, which we now affirm on this appeal by defendants.

The only interesting point in the case is as to the change in practice, if any, effected by the Act of June 12, 1931, P. L. 557, which amends section 8 of the Practice Act of May 14, 1915, P. L. 483. The Act of 1931 is as follows: "Section 8. It shall not be sufficient for a defendant in his affidavit of defense to deny generally the allegations of the statement of claim, or for a plaintiff in his reply to deny generally the allegation of a set-off, counterclaim or new matter; but each party shall answer specifically each allegation of fact of which he does not admit the truth, except as provided in sections seven and thirteen: Provided, however, That if either the defendant or the plaintiff has no knowledge, and after reasonable investigation is unable to ascertain, whether or not the facts alleged by the opposite party are true, or if means of proof of the facts alleged are under the exclusive control of the party making the allegation, it shall be a sufficient answer to allege that either

or both such conditions exist and to demand proof of such alleged facts by the opposite party, but in no event shall either party be required to allege or prove that he has inquired of the opposite party as to, or investigated, alleged facts, the proof of which is under the exclusive control of the opposite party." That which precedes the proviso is the section of the Act of 1915, as previously amended; the proviso is the amendment of 1931.

In Buehler v. U. S. Fashion Plate Co., 269 Pa. 428, we said as to affidavits of defense under section 8 of the Act of 1915: "If defendant contents himself with a simple disavowal of knowledge, and a formal call for proof, all matters thus dealt with in the affidavit of defense, which are duly averred in the statement, may be treated as conceded, when properly brought before the court, or as proved, when the pleadings are admitted in evidence. ...... If defendant can get no information on the points involved, but believes from the knowledge he has of collateral cognate matters that the averments are not true, he may allege he has exhausted all sources of knowledge on the subject which are open to him, to determine the truth of the averments, and, from the information received, or his inability to obtain any information on the subject, coupled with his general knowledge of the matter, he believes the allegations to be untrue, and avers his expectation so to prove." It will be noticed that the Act of 1931 only slightly elaborates our construction of the Act of 1915 as above set forth.

Turning to the affidavit of defense in the present case, we find that, in section after section, it makes identical answers to the corresponding sections of the statement as follows: "In answer to paragraph......of the statement of claim, defendants aver that they have no knowledge of the facts set forth therein and that after reasonable investigation they are unable to ascertain whether or not the facts alleged therein are true, and aver that the proof of the facts alleged therein are under the ex-

118

clusive control of the plaintiff, and, therefore, demand proof of the same." Defendants' averment that they made a "reasonable investigation" as to the facts, is of course unavailing, being only a matter of opinion. If they did make an investigation regarding those facts, they should have averred exactly what they did, and the court would have decided whether or not it was reasonable.

Nor are defendants any happier in their averments that the facts set forth in the several paragraphs of the statement of claim "are under the exclusive control" of plaintiffs. Apparently defendants think that because they made averments in the exact language of the statute, the court is obliged to accept their statements as verity, although the record itself shows they are untrue. This is an erroneous conclusion. The statute must have a reasonable construction, and it is not reasonable to suppose that the legislature intended to require the courts to accept as true, that which the record shows to be false. For instance, one of the averments attempted to be thus answered, is an averment that a certain document was "recorded in the office of the County Recorder of Deeds of Sonoma County, State of California." Another was that the property described in the trust deed "was exposed at public auction at the front door of the Sonoma County Courthouse, at 10 : 30 A. M." of the day fixed. Another specified in detail the expenses incurred by the trustee in making the sale. Another named a sum of money which one of the payors on the note had paid on account thereof. Every reasoning person knows that none of these pertinent facts, which defendants are required to answer, is "under the exclusive control" of plaintiffs, and no perfunctory oath by defendants asserting that they all are, can be given credence by the courts. Yet this is the only way these averments of the statement of claim are attempted to be answered.

It may be laid down as a rule for the interpretation of this part of the statute, that the courts will not give

force or effect to averments in an affidavit of defense that the means of proof of particular "facts alleged [in the statement of claim] are under the exclusive control of the party making the allegation," if such averments cannot, in the nature of the case, be true; and, if there can be any doubt on the subject, the affidavit of defense must set forth sufficient facts to show that those averments may be true. This rule applies also to answers to new matter, counterclaim and set-off.

What has been said requires an affirmance of the judgment, but two other matters should, perhaps, be referred to. In their affidavit of defense, defendants further allege that they "have been informed by counsel and therefore aver that the Statutory Law of California and the construction put thereon by the Supreme Court of California relating to the sale of real estate under deeds of trust" show that "failure to post the premises as required by statute relieves the defendants from liability on the note accompanying the deed of trust," and they then state that plaintiffs "have failed to comply with the statutory provisions......in that they failed to post the premises as is required under the laws of the State of California." All these averments are bad. What the statutes of a sister state are is a question of fact, and the statute itself, as printed in the authorized pamphlet laws of the state, are the best evidence of that fact. Hence the place in the pamphlet laws should be given and the language of the statute should be quoted. If the meaning of the statute is doubtful, and there is a decision of the court of last resort in the state clarifying the situation, it should be cited. These two matters being capable of exact determination, the opinions even of lawyers regarding them is inadmissible. If the subject had related to the common law of the state, not to be found in its pamphlet laws, a statement to that effect might let in the opinion of lawyers of the state, but here the averments relate to the "Statutory Law of Califor-

nia," and the Supreme Court's construction thereof, and to them only.

Moreover, the trust deed expressly provides that plaintiff "may become a purchaser at such sale," and also says that "In any deed executed under these trusts, the...... recordation of notice of breach, *posting*,......purchase price, and of any other matters of fact affecting the regularity or validity of said sale, *shall be conclusive proof of* said indebtedness, default........*posting*, publication......sale, purchase price *and all other matters and facts affecting the regularity or validity of said sale recited, and such deed shall be effectual and conclusive* against" defendants. If, then, plaintiffs "failed to post the premises as required under the laws of the State of California," and this affected the validity of the title acquired at the sale, defendants had the right to affirm or disaffirm the entire proceeding, but they could not affirm in part and disaffirm in part. If they affirmed it altogether, the credit allowed them is all to which they are entitled, for that is all that was realized. If they disaffirmed it altogether, and their contention is correct that no title passed by the sale, then the credit of the purchase price should not have been given to them, and they cannot complain since they were allowed a credit to which they were not entitled. In either event, proceeding on the note, which was the principal debt, was entirely proper.

In view of the foregoing, we need not consider the other alleged defects in the affidavit.

The judgment of the court below is affirmed.