Broderick *v.* Stephano, Appellant.

Argued January 24, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Walter Lee Sheppard,* of *Foulkrod, Sheppard, Porter & Alexander,* for appellant.

*C. Brewster Rhoads, Laurence H. Eldredge,* of *Montgomery & McCracken* and *Arthur Ofner* and *Carl J. Austrian,* of New York City, for appellee, were not heard.

PER CURIAM, March 19, 1934:

The superintendent of banks of the State of New York sued in assumpsit in the Court of Common Pleas of Philadelphia County, to recover an assessment of $25 upon each of 924 shares of stock in the Bank of the United States, a corporation of the State of New York, owned by defendant on or before December 11, 1930, upon which date that institution closed its doors in New York City and was taken over by plaintiff. Defendant filed a statutory demurrer to the statement of claim, which was overruled with leave to file an affidavit of defense to the merits within fifteen days. No affidavit having been filed within the prescribed period, plaintiff took judgment from which defendant has appealed.

Appellant questions the right of plaintiff to maintain an action for the recovery of stock assessments in this jurisdiction, and also asserts that the statement of claim does not set out the facts necessary to establish a cause of action of the character here alleged. We are of opinion this defense is manifestly insufficient. Actions to

enforce liability of shareholders of foreign corporations have frequently been sustained in Pennsylvania and other jurisdictions: Aultman's App., 98 Pa. 505; Mister v. Burkholder, 56 Pa. Superior Ct. 517; Hirning v. Hamlin, 200 Iowa 1322; Duke v. Olson, 240 Ill. A. 198. The test in determining whether the action will lie in this State is to ascertain if the law of the incorporating state allows recovery against stockholders resident there, and when this question has been judicially settled, together with other relevant facts, such as the amount of the assessment and the authority of the receiver or other officer to sue, the full faith and credit clause of the federal Constitution requires us to allow the action here: Converse v. Hamilton, 224 U. S. 243. "The existence and extent of the liability of a shareholder for assessments or to contribute to the corporation for the payment of debts of the corporation, is determined by the law of the state of incorporation": Section 203, Restatement of the Law of Conflict of Laws.

All questions of plaintiff's right to maintain this suit, the amount of assessment, and other matters relating to the validity of the action taken against the stockholders of the bank in question have been determined by the courts of New York in Broderick v. Adamson, 148 N. Y. Misc. 353, in which the assessment as levied was upheld. This effectually disposes of appellant's contention that the statement of claim does not aver sufficient facts on which to base the action. Moreover, there is no reason of public policy preventing a recovery in this State, for, as stated by the court below, so far as concerns the liability of stockholders to assessment, "our own Banking Act is similar, in respect to the provisions in question, to the New York act."

The principle of law applicable to this case and determinative of the main issue here involved, is that, "where a proceeding in insolvency has taken place in the state which is the domicile of the corporation, in which proceeding the amount which ought to be paid by

each stockholder, under the governing statute, to liquidate the debts of the corporation, has been ascertained, the receiver or other liquidating officer, duly appointed in the foreign jurisdiction and by statute or decree made a quasi trustee or assignee invested with all the rights possessed by the creditors, may maintain an action against a domestic stockholder in such foreign corporation to recover his share of the amount necessary to a liquidation so ascertained": 14 C. J. 998.

The judgment of the court below is affirmed.