### Broderick, Superintendent of Banks, v. Sokoloff

*Laurence H. Eldredge*, for plaintiff.
*Simon Shapiro*, for defendant.

DAVIS, P. J., January 31, 1935.—Plaintiff avers as his reasons for judgment for want of a sufficient affidavit of defense:

1. That paragraph 3 has not been sufficiently denied. Defendant's answer to this paragraph is, briefly, that he

held stock for collateral for a loan made early in 1930 to J. M. Toolan & Company, who were the owners of 100 shares of the Bank of the United States; that he held the stock as collateral for the loan and not as owner until October 1930, when he demanded other collateral and returned the stock to Toolan; that Toolan then sold the stock in October 1930, "and the bank was notified of the said sale in October 1930; that they failed to transfer the said 100 shares of stock". It is not averred that the stock certificate properly assigned was delivered to the bank for transfer, and, even if it was, section 120 of the Banking Laws of New York, recited in paragraph I of the statement, provides that "Such persons as appear by the books of the bank to be stockholders" shall be regarded as stockholders. There is no averment that defendant did not appear to be a stockholder on the books of the bank. Therefore, the affidavit seems insufficient with respect to that.

2. That the affidavit does not aver that the bank was instructed to transfer the stock. That is true.

3. That paragraphs 8 and 11 are insufficiently denied; that the affidavit simply alleges, with reference to these paragraphs, that the facts are within the exclusive knowledge of the plaintiff, that the defendant has not been able to obtain any information with reference to these allegations, and calls on the plaintiff to prove them. Their failure to make an averment as to what investigation they made to obtain information has been held by Justice Simpson, in Bank of America National Trust & Savings Assn. v. Sunseri et al., 311 Pa. 114, to be insufficient.

The reasons given in the rule for judgment are well founded and entitle plaintiff to judgment.

In Broderick v. Stephano, 314 Pa. 408, the Supreme Court in a per curiam opinion said, at page 410:

"All questions of plaintiff's right to maintain this suit, the amount of assessment, and other matters relating to

the validity of the action taken against the stockholders of the bank in question have been determined by the courts of New York in Broderick v. Adamson, 148 N. Y. Misc. 353, in which the assessment as levied was upheld. This effectually disposes of appellant's contention that the statement of claim does not aver sufficient facts on which to base the action."

The rule is made absolute.