## Broderick, Superintendent of Banks, v. Allis

*Harry L. Siegel*, for plaintiff.
*A. Reed Hayes* and *Harold W. Houck*, for defendant.

UTTLEY, P. J., January 8, 1936.—This is a motion by the plaintiff for judgment for want of a sufficient affidavit of defense, made in writing, filed in the prothonotary's office. A copy thereof was served upon counsel for the defendant on September 10, 1935, after which it was regularly placed on the argument list and argued by counsel for both parties at the regular argument court on October 14, 1935.

The defendant contends that the proceeding for judgment here should be by rule instead of motion. Under the circumstances of this case the distinction is so narrow as to be without merit. Section 17 of the Practice Act of May 14, 1915, P. L. 483, as amended by section 5 of the Act of April 22, 1929, P. L. 627, states that the plaintiff may take a rule for judgment for want of a sufficient affidavit of defense and later, in the same section, that defendant may move for judgment against the plaintiff for want of a sufficient reply to the whole or any part of the set-off, counterclaim or new matter alleged by the defendant. The words motion and rule here seem to be used interchangeably. Where the question whether judgment is to be entered is purely legal and no testimony is to be taken, the motion would be sufficient, if the opposite party had reasonable notice thereof. Under the facts here, where the motion was made in writing, placed upon the regular argument list, a copy thereof served upon the opposite party over 30 days before the regular argument court, and both parties appeared and argued the legal question involved, the proceeding amounts to and the defendant has had all the advantages of a rule, and the procedure should not interfere with the hearing of the case when no testimony or question of fact is involved.

The plaintiff contends that the reply of the defendant, in the first, fifth, ninth, tenth, and twelfth paragraphs of his affidavit of defense, to the corresponding paragraphs of the plaintiff's statement, is insufficient and amounts to admissions of the facts therein set forth.

The plaintiff in the first paragraph of the statement alleges that on and prior to December 11, 1930, Joseph Broderick, the plaintiff, was and now is the Superintendent of Banks of the State of New York. In the fifth, ninth, tenth, and twelfth paragraphs of his statement he sets out in words at length a portion of section 51 of the Banking Law of the State of New York, section 7 of article VIII of the Constitution of New York, and sections 120 and 80 of said banking laws, under which the action in this case is brought. These are all averments of fact. What the statutes of a sister State are is a question of fact, and the statute itself, as printed in the authorized pamphlet laws of the State, is the best evidence of that fact: Bank of America National Trust & Savings Assn. v. Sunseri et al., 311 Pa. 114.

The first, fifth, ninth, tenth, and twelfth paragraphs of the defendant's affidavit of defense make identical answers to the corresponding paragraphs of the plaintiff's statement, as follows:

"that paragraph . . . of the plaintiff's statement of claim is neither admitted nor denied for want of information and knowledge and deponent avers that after reasonable investigation he was unable to ascertain whether the facts set forth in the paragraph are true."

To this averment are added, in the ninth paragraph of the affidavit of defense, the words "since the Statement of Claim does not contain a copy of the alleged articles of the constitution of the State of New York properly authenticated by certificate of an officer authorized to make it," and, in the fifth, tenth, and twelfth paragraphs thereof, the words "since the Statement of Claim does not contain a copy of said alleged law of the State of New York properly authenticated by the certificate of an officer authorized to make it." All those paragraphs of the affidavit of defense just mentioned conclude with a demand for proof of the facts alleged therein.

Under Bank of America, etc., v. Sunseri et al., supra, these answers in the paragraphs of the affidavit of de-

fense above mentioned would have been insufficient to prevent judgment. The Supreme Court there held that when the defendant averred a lack of knowledge it was not sufficient to follow such averment with the statement that the defendant had made a reasonable investigation and was unable to ascertain that the facts alleged in the statement were true, but the defendant must go further and state what investigation he had made. Since the above decision, however, section 8 of the Practice Act of May 14, 1915, P. L. 483, as amended by the Act of June 12, 1931, P. L. 557, has been again amended by the Act of July 12, 1935, P. L. 666, to read as follows:

"It shall not be sufficient for a defendant in his affidavit of defense to deny generally the allegations of the statement of claim, or for a plaintiff in his reply to deny generally the allegation of a set-off, counter-claim, or new matter; but each party shall answer specifically each allegation of fact of which he does not admit the truth, except as provided in sections seven and thirteen: Provided, however, That if either the defendant or the plaintiff has no knowledge, and after reasonable investigation is unable to ascertain, whether or not the facts alleged by the opposite party are true, or if means of proof of the facts alleged are under the exclusive control of the party making the allegation, it shall be a sufficient answer to allege that either or both such conditions exist and to demand proof of such alleged facts by the opposite party. In no event shall either party be required to inquire of the opposite party as to alleged facts the proof of which is under the exclusive control of the opposite party, and, in no event, shall the party demanding proof of such alleged facts be required to state, specifically or otherwise, or to prove what reasonable investigation he has made to obtain the information of which he alleges he has no knowledge; but his affidavit alone shall be deemed sufficient to support his allegation of reasonable investigation."

The above section of the Practice Act, as amended, would seem, unless carefully read, to overrule the decision of the Supreme Court in the case above cited. When, however, the entire opinion in the case is considered in connection with the act above quoted it appears otherwise. In the Act of June 12, 1931, P. L. 557, amending section 8 of the Practice Act, as in the Act of July 12, 1935, P. L. 666, further amending the same, it is provided that if either party has no knowledge and the means of proof of the facts alleged are under the exclusive control of the party making the allegation it shall be sufficient so to allege and to demand proof of such alleged facts from the opposite party. Notwithstanding this provision of the Act of 1931, Justice Simpson, in the Sunseri case, ruled that where, from the nature of the case, the facts alleged could not have been under the exclusive control of the opposite party, such allegation will not be sufficient, and, in delivering the opinion in said case, said, at page 118:

"It may be laid down as a rule for the interpretation of this part of the statute, that the courts will not give force or effect to averments in an affidavit of defense that the means of proof of particular 'facts alleged [in the statement of claim] are under the exclusive control of the party making the allegation', if such averments cannot, in the nature of the case, be true; and, if there can be any doubt on the subject, the affidavit of defense must set forth sufficient facts to show that those averments may be true. This rule applies also to answers to new matter, counter-claim and set-off."

This portion of the decision was in no way affected by the Act of 1935. It is true the language above quoted was used in connection with facts alleged to be under the exclusive control of the plaintiff, but the same reasoning is applicable to the allegation of reasonable investigation by the defendant. If the facts alleged in the first, fifth, ninth, tenth, and twelfth paragraphs of the affidavit of defense, that the defendant after reasonable investigation could not ascertain the truth of the facts alleged in the cor-

responding paragraphs of the plaintiff's statement, could not, in the nature of the case, be correct, then it must follow that such an allegation cannot be sufficient even under the Act of 1935. The name of the person who held the position of Superintendent of Banks of the State of New York, alleged in the first paragraph of the plaintiff's statement, would be a matter of public record, and the Constitution and laws of the State of New York, alleged in the fifth, ninth, tenth, and twelfth paragraphs of the plaintiff's statement, are to be found in any good law library, and all were readily accessible to the defendant and his counsel. Even though the averments are in the exact language of the statute, the court is not obliged to accept them when the record itself shows that they are incorrect. The statute must have a reasonable construction and it is not reasonable to suppose that the legislature intended to require the courts to accept as true that which the nature of the case shows to be incorrect. Furthermore, after carefully reading the last clause of the Act of 1935, there is grave doubt whether the legislature intended it to apply to any other alleged facts than those which are under the exclusive control of the party alleging the same. There is no such allegation in the paragraphs of the affidavit of defense above referred to and, even if there were, under the case cited they would be insufficient. The averments in the first, fifth, ninth, tenth, and twelfth paragraphs of the affidavit of defense are, therefore, insufficient.

The defendant's reply, in the third paragraph of his affidavit of defense, to the corresponding paragraph of the plaintiff's statement, admits that on and prior to December 11, 1930, he appeared by the books of The Bank of United States to be the holder of 50 shares of the capital stock of said bank. This is an admission of the material portion of the third paragraph of the plaintiff's statement.

The defendant's reply, in the fourth paragraph of his affidavit of defense, to the corresponding paragraph of the plaintiff's statement, as to the amount and number of

shares and the par value per share of the capital stock of The Bank of United States, is at most a statement that he has no knowledge of the same and a demand for proof thereof, which has been held to be an admission of the facts alleged: Buehler v. United States Fashion Plate Co., 269 Pa. 428, 433.

The sixth, seventh, eighth, and eleventh paragraphs of the plaintiff's statement aver as follows: That on or before December 11, 1930, the Superintendent of Banks of the State of New York, pursuant to the banking laws of that State, had taken possession of the business and property of The Bank of United States and was liquidating the same; that prior to May 6, 1931, the plaintiff, or Superintendent of Banks of the State of New York, determined to liquidate the affairs of the bank and, after notice to the creditors and an examination of the affairs of the bank, determined and ascertained that the bank was insolvent, its liabilities exceeding its assets by more than $30,000,000; that such insufficiency of assets, as so fixed and determined, existed and has since continued; and that subsequent to the determination of insolvency of the bank and prior to July 1, 1932, the Superintendent of Banks decided that an assessment of $25 per share against each stockholder was required and necessary to provide moneys toward the payment and satisfaction of the sums due and owing the creditors and depositors of the bank. The corresponding paragraphs of the affidavit of defense make identical answers to the paragraphs of the plaintiff's statement above mentioned. These identical answers are that the paragraph of the plaintiff's statement replied to is neither admitted nor denied for want of information and knowledge, and that the proof of the facts alleged therein is under the exclusive control of a person designated as "Superintendent of Banks of the State of New York", and they demand proof of such alleged facts. It can hardly be said that the pertinent facts in these four paragraphs of the plaintiff's statement which the defendant is required to answer are "under the exclusive con-

trol" of the plaintiff. They would appear as a part of the public records of the Department of Banks of the State of New York, open to the defendant or any other person, and no perfunctory oath by the defendant asserting that they are all under the exclusive control of the plaintiff can be held to be sufficient. Yet this is the only way these averments of the statement of claim are attempted to be answered: Bank of America, etc., v. Sunseri et al., supra.

The essential and material portions of the thirteenth paragraph of the plaintiff's statement are that the demand in writing, which is set forth at length in said paragraph, was sent to the defendant, and the material portion of the fourteenth paragraph of the plaintiff's statement is that said demand was enclosed in a securely sealed postpaid wrapper, addressed to Paul M. Allis, Lewistown, Pennsylvania, and, on July 1, 1932, mailed to the defendant through the general post office in the Borough of Manhattan, State of New York. In both the thirteenth and fourteenth paragraphs of his affidavit of defense the defendant avers that the allegations contained in the corresponding paragraphs of the plaintiff's statement are neither admitted nor denied for want of information and knowledge, the means of proof of said alleged facts being under the exclusive control of the person designated as "Superintendent of Banks of the State of New York"; in the thirteenth paragraph of his affidavit of defense the defendant further avers that he has no present knowledge or recollection of having received the notice copied and referred to in the thirteenth paragraph of the plaintiff's statement, and, therefore, denies that the same was sent to him; and in the fourteenth paragraph of his affidavit of defense the defendant also denies that he has any present knowledge or recollection of having received the notice alleged, in the fourteenth paragraph of the plaintiff's statement, to have been mailed on July 1, 1932, to his address, "Paul M. Allis, Lewistown, Pa.," and demands proof thereof. It can hardly be said that the pertinent facts alleged in the thirteenth and four-

teenth paragraphs of the plaintiff's statement are under the exclusive control of the plaintiff. The defendant in the corresponding paragraphs of his affidavit of defense is not positive. He does not say that he has never received the notices alleged to have been sent him, but contents himself with the vague and illusory averment that he has no present recollection or knowledge of having received the same. Neither is there any allegation that he has made a reasonable investigation and is unable to ascertain whether the facts alleged in these paragraphs of the plaintiff's statement are true. The answers of the defendant in the thirteenth and fourteenth paragraphs of his affidavit of defense are, therefore, insufficient.

The averment of the plaintiff, in the fifteenth paragraph of his statement of claim, that the defendant has at no time paid the amount claimed, is admitted in the corresponding paragraph of the defendant's affidavit of defense, with the explanation that on or before April 22, 1930, the defendant had assigned and delivered the said certificates for 50 shares of the capital stock of said bank and, therefore, has not been the holder of 50 shares of the capital stock since that time.

The defendant admits, in the third paragraph of his affidavit of defense, that, on and prior to December 11, 1930, he appeared by the books of The Bank of United States to be the holder and owner of 50 shares of the capital stock thereof. Section 120 of the banking laws of the State of New York, as pleaded by the plaintiff, provides, inter alia, that the stockholders of every bank shall be individually responsible equally and ratably, and not one for the other, for all the contracts of the bank to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares, and that the term stockholder shall include such persons as appear by the books of the bank to be stockholders. We have concluded that the amount of the capital, the number and par value of the shares of the stock of said bank out-

standing, the laws of the State of New York allowing recovery against stockholders there and all other matters such as the amount of the assessment, the notice to the defendant thereof and the authority of the Superintendent of Banks of the State of New York to sue, as pleaded in the plaintiff's statement, must by reason of the insufficiency of the affidavit of defense be taken to be admitted. The question of the right of the plaintiff to maintain this suit, the amount of the assessment and other matters relating to the validity of the action taken against the stockholders of the bank having been determined by the courts of New York in Broderick, etc., v. Adamson et al., 148 Misc. 353, in which the assessment as levied was upheld, there could remain here only the question whether the defendant had paid this claim. The defendant admits, however, that the claim has not been paid. Therefore, under the ruling of our Supreme Court in the cases of Bank of America, etc., v. Sunseri et al., supra, and Broderick v. Stephano, 314 Pa. 408, we are unable to see how we can refuse to hold that the affidavit of defense filed in this case is insufficient.

Having concluded that the affidavit of defense filed in this case is insufficient, it may be contended that under section 17 of the Practice Act it is mandatory on the court to "enter judgment or discharge the rule, as justice may require"; that the court must do one or the other and there is no longer any alternative whereby a supplemental affidavit may be allowed; and that therefore under the pleadings as they stand the plaintiff is entitled to judgment. Examining this contention in the light of the entire statute and not merely from section 17 thereof, we find that section 21 permits the court to strike from the record a pleading which does not conform to the provisions of the act and to allow amendments or a new pleading to be filed upon such terms as it may direct. Section 22 permits the court to extend the time fixed by the act for filing or service of any pleading: Savitz v. Massachusetts Bonding &

Ins. Co., 26 Dist. R. 505. There may be some doubt here as to the insufficiency of the answers of the defendant in the thirteenth and fourteenth paragraphs of his affidavit of defense and as to whether he may not have a real defense on the question of notice. Therefore, we feel that the court retains the right and ought to exercise the power to permit the defendant to file an amended or supplemental affidavit of defense. We are, therefore, going to make our decree so that the defendant if he so desires may file an amended or supplemental affidavit of defense within 15 days from the date hereof.

### Decree

Now, January 8, 1936, after due consideration, the motion for judgment for want of a sufficient affidavit of defense is hereby sustained and judgment is directed to be entered in favor of the plaintiff and against the defendant in the sum of $1,250, together with interest thereon, unless the defendant shall, in accordance with the permission which is hereby granted, file a sufficient amended or supplemental affidavit of defense within 15 days from the date hereof.  From Robert Stuckenrath, Lewistown.