## Gossett v. Dubuque Fire & Marine Ins. Co.

444

George L. Reed, for plaintiff.
Hause, Evans, Storey & Lick, for defendant.

SHEELY, P. J., specially presiding, February 27, 1939. —This is a motion for judgment for want of a sufficient affidavit of defense. Plaintiff's claim is based upon the alleged total destruction by fire of plaintiff's building insured by defendant company.

Defendant denied plaintiff's allegation of total destruction and alleged that the foundations, walls, and stone chimney remained standing after the fire. This is a sufficient denial of the allegation of total destruction to require the submission of that question to a jury.

The generally accepted view is that insurance of a building is upon the building and not upon the materials which compose it, and that the total destruction thereof means its total destruction as a building, but not neces-

sarily the absolute extinction of all its materials, or even that no part of it can be left standing. It has been held by some courts that if a building loses its identity and specific character as a building it is a total loss, although a large part of the materials or component parts are left standing. Other courts have held that there cannot be a total loss so long as the part of the structure standing is reasonably adapted for use as a basis upon which to restore the building to the condition in which it was before the fire: see 14 R. C. L. 1302, sec. 476, and 26 C. J. 349, §447, and cases there cited.

We are inclined to adopt the latter view, but under either view defendant would not be required to do more than to deny the total destruction of the building and to allege the extent to which the building was not totally destroyed. The issue would then be raised as to whether the part remaining could reasonably be adapted for use as a basis upon which to restore the building to the condition in which it was before the fire. This issue would be determined from testimony showing the parts of the building not destroyed and their relation to each other.

In answer to the other allegations of plaintiff's statement of claim defendant has not made specific denials, but has averred that the means of proof of such allegations are under the exclusive control of plaintiff, and has demanded that plaintiff produce proof of such facts. These denials are insufficient.

Section 8 of the Practice Act of May 14, 1915, P. L. 483, as amended by the Act of April 22, 1929, P. L. 627, 12 PS §390, provides:

"It shall not be sufficient for a defendant in his affidavit of defense to deny generally the allegations of the statement of claim . . . but each party shall answer specifically each allegation of fact of which he does not admit the truth . . .".

Under this statute the Supreme Court held in Buehler v. United States Fashion Plate Co., 269 Pa. 428 (1921),

that if defendant can get no information on the points involved, but believes that the averments are not true, he may allege that he has exhausted all sources of knowledge on the subject which are open to him to determine the truth of the averments, and, from the information received, or his inability to obtain any information on the subject, coupled with his general knowledge of the matter, he believes the allegations to be untrue, and avers his expectation so to prove.

This construction of section 8 of the Practice Act was slightly elaborated by the Act of June 12, 1931, P. L. 557, which added to section 8 a proviso:

"That if either the defendant or the plaintiff has no knowledge, and after reasonable investigation is unable to ascertain, whether or not the facts alleged by the opposite party are true, or if means of proof of the facts alleged are under the exclusive control of the party making the allegation, it shall be a sufficient answer to allege that either or both such conditions exist and to demand proof of such alleged facts by the opposite party, but in no event shall either party be required to allege or prove that he has inquired of the opposite party as to, or investigated, alleged facts, the proof of which is under the exclusive control of the opposite party."

This proviso relieved defendant of the burden of exhausting all sources of knowledge on the subject which were open to him and required merely that he make "reasonable investigation" of the facts. It further provided for a situation in which the pleader had no knowledge of the facts alleged and the means of proof thereof were under the exclusive control of the opposite party.

In Bank of America National Trust & Savings Assn. v. Sunseri et al., 311 Pa. 114, 118 (1933), the Supreme Court, construing the amendment of 1931, held that an averment that defendant had made a reasonable investigation was merely a statement of opinion and was insufficient. "If they did make an investigation regarding

those facts, they should have averred exactly what they did, and the court would have decided whether or not it was reasonable." The court in that case also held that an averment that the means of proof of an allegation are under the exclusive control of the opposite party is insufficient where the record shows that that statement is untrue, or where, from the nature of the case, the statement could not be true. The court held (p. 119) : "if there can be any doubt on the subject, the affidavit of defense must set forth sufficient facts to show that those averments may be true."

The Sunseri case was followed by the Act of July 12, 1935, P. L. 666, which again amended section 8 of the Practice Act by making the latter part of the proviso read :

"In no event shall either party be required to inquire of the opposite party as to alleged facts the proof of which is under the exclusive control of the opposite party, and, in no event, shall the party demanding proof of such alleged facts be required to state, specifically or otherwise, or to prove what reasonable investigation he has made to obtain the information of which he alleges he has no knowledge; but his affidavit alone shall be deemed sufficient to support his allegation of reasonable investigation."

It is clear that the amendment of 1935 was not meant to alter the ruling of the Supreme Court in the Sunseri case that an averment that the means of proof of an allegation are under the exclusive control of the opposite party is insufficient where the record shows that that statement is untrue, or where, from the nature of the case, the statement could not be true. All that was intended and was accomplished by the amendment of 1935 was to relieve the pleader from setting forth the nature of the investigation made by him.

It is important to note that the proviso to section 8 of the Practice Act relieving the pleader from the require-

ment of specifically answering each allegation of fact applies only where the pleader has no knowledge whether the facts alleged by the opposite party are true. This provision cannot be construed to mean that in every case where the means of proof of the allegation are under the exclusive control of plaintiff defendant can, merely for that reason, avoid admitting or denying such allegation and thereby put plaintiff to proof. The proviso was meant to apply only to a situation in which the pleader did not have knowledge of the facts alleged and could not obtain that knowledge except by making inquiry of the opposite party. This thought is clearly illustrated by a case in which plaintiff sues defendant on a note alleged to have been executed by defendant. Defendant has knowledge whether he did or did not execute such note, but the means of proof thereof would be under the exclusive control of plaintiff. If the pleader has knowledge of the facts alleged, he must answer the allegations specifically either by admitting them or by denying them and alleging the true facts.

Applying these rules to the present case, defendant did not allege that it did not have knowledge of any of the facts alleged by plaintiff. Furthermore, it is useless for defendant to call upon plaintiff to produce the policy of insurance by alleging that it did not have an opportunity to compare the copy attached to plaintiff's statement of claim with the original which is in the possession of plaintiff. An insurance company is bound to have knowledge of policies issued by it and should either admit or deny that the policy alleged by plaintiff is correct: see Talcott, Inc., v. Levy et al., 123 Pa. Superior Ct. 94 (1936), where defendant was not permitted to aver lack of knowledge of facts which could be ascertained by reference to the records of a company of which he was treasurer.

Without an allegation contesting the correctness of the policy alleged by plaintiff, the allegation that the property was vacant for a period longer than permitted by the

policy is unavailing since the policy shows on its face that permission was specifically granted for unoccupancy except during the summer months, providing the furniture remain in the building. It is also unavailing for defendant to allege that the means of proof of an allegation that plaintiff had performed all things on his part to be performed were under the exclusive control of plaintiff. Defendant, being the other party to the contract, must certainly know whether plaintiff has performed all that was required of him by contract. Plaintiff's allegation is general, but if there were any doubt in the mind of defendant as to what plaintiff intended to prove under this allegation, it should have moved for a more specific statement of claim. Having filed an affidavit of defense to the merits, it cannot now contend that the means of proof of an allegation of performance of the contract by plaintiff are under the exclusive control of plaintiff because plaintiff was the only one who knew what was intended to be proved under this allegation. When defendant filed its affidavit of defense it must be assumed it knew what it was answering.

Nor can defendant successfully allege that the means of proof of the value of the building, with proper deduction for depreciation at the time when the fire occurred, were under the exclusive control of plaintiff. The value of the premises at that time is a matter requiring opinion testimony, which would be equally available to defendant and to plaintiff.

However, since defendant has denied the total destruction of the building, and since the amount of its liability would depend upon the existence of that fact, plaintiff's motion for judgment for want of a sufficient affidavit of defense must be denied.

And now, February 27, 1939, it is ordered and decreed that the motion for judgment for want of sufficient affidavit of defense be and the same is hereby discharged.