Penn Mutual Indemnity Company *v.* Manhattan Mutual Automobile Casualty Company, Inc., Appellant.

Argued January 4, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Ward C. Henry,* of *Swartz, Campbell & Henry,* for appellant.

*Peter P. Zion,* with him *Albert H. Friedman,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, March 20, 1944:

This is an action in assumpsit by Penn Mutual Indemnity Company, appellee, against the Manhattan Mutual Automobile Casualty Company, Inc., appellant, to recover an amount claimed to be due upon unearned insurance premiums assigned to appellee by policyholders formerly insured by appellant, which has discontinued doing business in Pennsylvania. Appellant filed an affidavit of defense and a supplemental affidavit of defense containing new matter. Appellee presented a rule for judgment for want of a sufficient affidavit of defense, and filed a motion to strike off new matter. This appeal is from the order of the court below making the rule absolute.

Manhattan Mutual Automobile Casualty Company, Inc., appellant, is a New York corporation, engaged in the casualty insurance business, and was licensed to do business in Pennsylvania. In February, 1942, it decided to withdraw from this Commonwealth. Notices of the intended cancellation of all policies in Pennsylvania were sent to its policyholders on February 17, 1942. An assignment from each policyholder of his or her right to the unearned portion of the premium paid to appellant was obtained by appellee. This action was instituted to recover $2,775.06 due on 159 policies which appellant had cancelled and to replace which appellee has issued its policies. Appellee avers that the policyholders had paid their premiums to appellant or its duly authorized agent; that their policies were properly cancelled through appellant's agent, William Young, as of February 17, 1942; that by reason of the cancellations appellant owed to the respective policyholders a specified sum as unearned premium; that appellee secured a written assignment to it by the respective policyholder of the unearned premium; and, that due notice of said assign-

ment was given to appellant by appellee. By its affidavit of defense appellant admits receipt of the premiums in most instances but denies that the unearned portion of the premium was payable by it, averring it was payable by its agent, William Young. In the amended affidavit of defense appellant admits the issuance of the policies, denies the payment of premiums thereon, and avers that it "has no knowledge, and, after reasonable investigation, is unable to ascertain whether or not the said premiums have been paid to a duly authorized agent of the defendant [appellant], and therefore demands due proof thereof, if material, at the trial of this case." That the policies were cancelled through its duly authorized agent, William Young; that the unearned premiums became due the persons named and that it received notice of the alleged assignments to appellee is also admitted. With regard to the execution of the assignments, however, the same general denial above quoted is made. Under new matter appellant avers that William Young, its agent, had placed the insurance in question and was under a duty to collect premiums for any and all policies sold by him on behalf of appellant; that there was an open account between it and Young; that upon issuance of the policies the amounts of premium were charged to Young's account; that the money due such policyholders for return premium was credited to his account; that at the time of the cancellation of the policies there was a balance due appellant by Young in excess of the amount of unearned premiums on said policy. The court below made absolute the rule for judgment for want of a sufficient amended and substituted affidavit of defense in amount of $2,561.70, that being the amount of unearned premiums admitted by said affidavits of defense to be due as a result of the aforesaid transactions.

When two or more affidavits are filed in any case the effect to be given the latest is to be determined by construing all as one affidavit. They must not be self-

contradictory. In *Rosenfield v. Kline,* 125 Pa. Superior Ct. 82, 86, the court said: "If the different answers are clearly contradictory they are not sufficient to prevent judgment. This principle is, however, subject to an exception. It does not apply when the defendant is able to give a satisfactory explanation for his previous error." See *Woodoleum Flooring Company v. Kayser,* 45 Pa. Superior Ct. 372, 374. Appellant, in its original affidavit of defense, did not deny that the premiums due on the respective policies had been paid to it. In its amended and substituted affidavit of defense, however, such payment is denied. This is plainly contradictory. To prevent judgment, appellant must bring itself within the exception and give satisfactory explanation for the inconsistencies.

The amended and substituted affidavit of defense contains the averment heretofore set forth, that appellant had no knowledge and after reasonable investigation was unable to ascertain whether or not the premiums had been paid to its agent or that the assignments of the unearned premiums were made by the various policyholders to appellee. Appellant relies upon the Act of 1915, P. L. 483, Section 8, as finally amended by the Act of 1935, P. L. 666, Section 1, 12 PS Section 390, which provides, *inter alia*: "In no event shall either party be required to inquire of the opposite party as to alleged facts the proof of which is under the exclusive control of the opposite party, and, in no event, shall the party demanding proof of such alleged facts be required to state, specifically or otherwise, or to prove what reasonable investigation he has made to obtain the information of which he alleges he has no knowledge; but his affidavit alone shall be deemed sufficient to support his allegation of reasonable investigation." Appellant contends that a mere recitation of "reasonable investigation" as to the facts and a failure to secure information after such reasonable investigation is sufficient in law to prevent judgment for want of a sufficient affidavit of

defense. In *Bank of America National Trust & Savings Assn. v. Sunseri*, 311 Pa. 114, this Court considered a similar situation under the amendment of 1931, P. L. 557, and said (p. 118) : "It may be laid down as a rule for the interpretation of this part of the statute, that the courts will not give force or effect to averments in an affidavit of defense that the means of proof of particular 'facts alleged [in the statement of claim] are under the exclusive control of the party making the allegation,' if such averments cannot, in the nature of the case, be true; and, if there can be any doubt on the subject, the affidavit of defense must set forth sufficient facts to show that those averments may be true. This rule applies also to answers to new matter, counterclaim and set-off." In holding that the mere statement that a reasonable investigation had been made was insufficient, it was there said (p. 118) : "Defendants' averment that they made a 'reasonable investigation' as to the facts, is of course unavailing, being only a matter of opinion. If they did make an investigation regarding those facts, they should have averred exactly what they did, and the court would have decided whether or not it was reasonable." It was to avoid the effect of this latter statement that the amendment of 1935 was enacted. The amendment merely relieves the defendant from the necessity of setting forth facts showing the actual nature of the investigation made. It was never intended to provide a valid affidavit of defense where the record shows that no investigation had actually been made. That no investigation was in fact made was admitted before this Court.

Under the circumstances presented, appellant has failed to satisfactorily explain the patent inconsistency in the original and amended affidavits of defense. The order of the court below making the rule for judgment for want of a sufficient affidavit of defense absolute and the entering of judgment in favor of appellee in the admitted amount was proper.

The judgment of the court below is affirmed.