**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-3881

_____

SHAWN MCELROY; AMBER MCELROY, his wife,
                                                        Appellants

v.

FIRSTENERGY CORP.
_____

On Appeal from the United States District Court for the
Western District of Pennsylvania
(District Court No.: 2-18-cv-01612)
Magistrate Judge: Honorable Patricia L. Dodge

_____

Submitted under Third Circuit L.A.R. 34.1(a)
July 2, 2020

(Filed: August 14, 2020)

Before: GREENAWAY, JR., SHWARTZ, and RENDELL, *Circuit Judges*.

RENDELL, <u>Circuit Judge</u>.

Shawn McElroy ("McElroy") fell while working at a power plant operated by

FirstEnergy Generation, LLC ("FirstEnergy Generation"). McElroy seeks to recover for

negligence and loss of consortium. But rather than sue FirstEnergy Generation, McElroy

instead sues FirstEnergy Generation's parent company, FirstEnergy Corporation, and

seeks to impose liability on FirstEnergy Corporation by piercing FirstEnergy

Generation's corporate veil. The District Court ruled that McElroy could not pierce the

corporate veil and, because McElroy had not asserted any viable claim against

FirstEnergy Corporation directly, he had failed to state a claim upon which relief could

be granted. Accordingly, the District Court dismissed his complaint. For substantially

the same reasons stated in the District Court's thorough opinion, we will affirm.

**I**[1]

While working for Securitas Services USA, Inc. at the Beaver Valley Generation

Power Plant ("BVNPP"), McElroy fell on a set of stairs and injured his ankle.

BVNPP is operated by FirstEnergy Generation, a wholly-owned subsidiary of

FirstEnergy Corporation. FirstEnergy Nuclear Operating Company ("FirstEnergy

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Because we write for the parties, who are familiar with the facts and the procedural posture to date, we only include what is necessary to explain our decision.

Nuclear"), another wholly owned subsidiary of FirstEnergy Corporation, had received five notifications that the stairs were deteriorated and dangerous.

To recover for McElroy's injuries, McElroy and his wife, Amber McElroy (referred to in this opinion together as "McElroy"), sued FirstEnergy Corporation in the Court of Common Pleas of Beaver County, Pennsylvania. The case was then removed to the United States District Court for the Western District of Pennsylvania. McElroy's complaint asserts three causes of action: a claim for negligence; a claim for loss of consortium; and a claim for "Piercing the Corporate Veil/Alter Ego," in which McElroy alleges that FirstEnergy Corporation, FirstEnergy Generation, and FirstEnergy Nuclear are liable for McElroy's injuries because FirstEnergy Generation and other corporate entities are sham corporations created for the purpose of defrauding and injuring entities and persons, including him. FirstEnergy Generation, the owner and operator of the power plant where McElroy was injured, and FirstEnergy Nuclear were in bankruptcy when McElroy sued, and McElroy missed the deadline to submit his claim in Bankruptcy Court.

FirstEnergy Corporation moved to dismiss McElroy's complaint and the District Court granted FirstEnergy Corporation's motion. The District Court ruled that Pennsylvania choice of law principles dictate that Ohio law governs whether McElroy may pierce FirstEnergy Generation's corporate veil to reach FirstEnergy Corporation. It then ruled that McElroy had not satisfied Ohio's requirements for veil piercing, and dismissed his complaint because he had not pleaded any independent basis of liability on

3

the part of FirstEnergy, and therefore, without veil-piercing, had failed to state a claim for relief.

## II[2]

We review the District Court's order dismissing the complaint *de novo.  See City of Edinburgh Council v. Pfizer, Inc.*, 754 F.3d 159, 166 (3d Cir. 2014) ("We review *de novo* the District Court's decision to grant [a] Rule 12(b)(6) motion to dismiss."); *Robeson Indus. Corp. v. Hartford Accident & Indem. Co.*, 178 F.3d 160, 164-65 (3d Cir. 1999) ("Choice-of-law is a question of law which [we] review *de novo*.").

## III

The District Court properly dismissed McElroy's complaint.  First, the District Court correctly ruled that Ohio law governs whether McElroy may pierce the corporate veil.  Under Pennsylvania choice of law principles,[3] a court must look to the law of the state in which an entity is incorporated to determine whether a plaintiff may pierce that entity's corporate veil.  *See, e.g.*, *Commonwealth v. Golden Gate Nat'l Senior Care LLC*, 158 A.3d 203, 236 (Pa. Commw. Ct. 2017) (holding that because, "[u]nder Pennsylvania law, the existence and extent of shareholder liability . . . is determined by the law of the state of incorporation," the law of the state of incorporation also governs whether a corporation is subject to veil-piercing (citing *Broderick v. Stephano*, 171 A. 582 (Pa.

---

[2] The District Court had diversity jurisdiction under 28 U.S.C. § 1332.  We have jurisdiction under 28 U.S.C. § 1291.

[3] A federal court sitting in diversity applies the choice-of-law principles of the state in which in which the District Court sits.  *See, e.g.*, *Berg Chilling Sys., Inc. v. Hull Corp.*, 435 F.3d 455, 462 (3d Cir. 2006).

4

1934))), *aff'd in part, rev'd in part on other grounds sub nom. Commonwealth by Shapiro v. Golden Gate Nat'l Senior Care LLC*, 194 A.3d 1010 (Pa. 2018). Because FirstEnergy Generation and FirstEnergy Nuclear—the entities whose corporate veils McElroy seeks to pierce—are undisputedly incorporated in Ohio, the District Court correctly ruled that Ohio law governs the issue of whether McElroy may pierce the corporate veil.

Second, the District Court also correctly ruled that McElroy is not entitled to pierce the corporate veil under Ohio law. The leading Ohio case on this point, *Dombroski v. WellPoint, Incorporated*, requires a plaintiff seeking to pierce the corporate veil to show:

> (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong.

895 N.E.2d 538, 543 (Ohio 2008) (quoting *Belvedere Condo. Unit Owners' Ass'n v. R.E. Roark Cos.*, 617 N.E.2d 1075, 1086 (Ohio 1993)). In order to satisfy the second requirement, a plaintiff must show that "egregious wrongs" were committed by the shareholders, not just a "straightforward tort." *Id.* at 545. "Piercing the corporate veil in this manner remains a 'rare exception,' to be applied only 'in the case of fraud or certain other exceptional circumstances.'" *Id.* at 542-43 (quoting *Dole Food Co. v. Patrickson*, 538 U.S. 468, 475 (2003)). Piercing the corporate veil should occur "only in instances of extreme shareholder misconduct." *Id.* at 545.

Applying this legal standard, the District Court appropriately ruled that although McElroy's complaint does allege a scheme in which FirstEnergy's bankrupt subsidiaries avoided liability through bankruptcy protection, McElroy's only causes of action are negligence and loss of consortium, exactly the types of "straightforward tort[s]" for which veil-piercing is not available under *Dombroski* and Ohio law. *Id.* We agree. Indeed, McElroy concedes that "the underlying incident was a straightforward tort." Appellant's Br. at 11. Because the allegations that form the bases of McElroy's negligence and loss of consortium claims do not amount to the type of "extreme shareholder misconduct" contemplated by *Dombroski*, 895 N.E.2d at 545, McElroy may not pierce the corporate veil to impose liability on FirstEnergy Corporation.

Finally, the District Court correctly dismissed the remainder of McElroy's complaint. The District Court ruled that, "[g]iven the failure to pierce the corporate veil," McElroy has "not pleaded any independent basis of liability on the part of" FirstEnergy Corporation. App. 10. Rather, because "[t]here are no allegations that [FirstEnergy Corporation] owns[,] possesses, maintains or controls the premises or had knowledge of any dangerous conditions on the property," *id.*, McElroy had failed to state a claim against FirstEnergy. We agree.

## IV

For the reasons stated above, we will affirm the judgment of the District Court.

6