GREEN et al. v. HALL et al. (No. 188–3233.)

(Commission of Appeals of Texas, Section A. March 2, 1921.)

**1. Appeal and error ⬥722(1)—Assignment identical in the main with assignment in motion for new trial considered.**

An assignment of error to refusal to submit an issue being identical in the main with the assignment in the motion for new trial, differing only in the reasons assigned why the issue should have been submitted, is entitled to consideration.

**2. Corporations ⬥313—On forfeiture of lease, manager may individually lease free from interest of stockholders.**

The fact that H. was director and general manager of a company which held a lease from M. conditioned to become void if a paying quarry was not established on the land in two years did not require him, though knowing M. intended to forfeit the lease for nonperformance of the lease, to inform the others interested in the company of such fact, or prevent him, on the forfeiture being declared, from individually taking a new lease free of any interest therein of such others, so long as the failure to develop the quarry was due to no fault of his, but only to the company's inability to finance it.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Two actions, one by C. W. Hall against C. R. Green and others, the other by the San Saba Marble Company against C. W. Hall and another. The actions were consolidated, judgment rendered for Hall and another, which was affirmed by the Court of Civil Appeals (203 S. W. 1175), and Green and others bring error. Affirmed.

Walker & Burleson, of San Saba, for plaintiffs in error.

Flack & Flack, of San Saba, and Keller & Woodhull and Frank H. Booth, all of San Antonio, for defendants in error.

SPENCER, J. C. W. Hall, defendant in error, sued C. R. Green, R. S. Crain, and C. M. Green, plaintiffs in error, in trespass to try title to 312½ acres of land which W. J. Moore leased to C. R. Green on December 3, 1914, for the purpose of mining marble. C. R. Green subleased 50 acres of this land to the Green Marble Company and 50 acres to the San Saba Marble Company for mining purposes. Plaintiff in error, Green Marble Company, intervened to assert its right under the sublease. Defendant in error H. E. Draper was made a party defendant.

The contract of lease was for a period of 50 years, but contained the provision "that if a quarry, from which is being taken good

merchantable marble in paying quantities, is not established on said land within the space of two years from the 1st day of January, 1915, that this lease shall become null and void and of no effect," which provision Hall and Moore contend that plaintiffs in error failed to comply with, and as a result of such failure Moore elected to and did rescind the contract.

C. W. Hall's interest in the land is based upon a subsequent lease dated January 2, 1917, executed by Moore after the rescission of the first contract of lease.

The San Saba Marble Company, a corporation, plaintiff in error, sued C. W. Hall and W. J. Moore, requesting a decree canceling and holding for naught the lease between Hall and Moore, or, in the alternative, that it have a decree requiring Hall to convey to it all the interest he holds in the 50 acres which it had acquired from C. R. Green. The suits were consolidated and tried as one.

Plaintiffs in error answered that they had in all things complied with the contract, and that at the time the subsequent lease to Hall was executed he was a director, secretary, and treasurer and general manager of the San Saba Marble Company—a corporation formed to carry out the terms of the first contract—and therefore he would in equity be required to hold the lease dated January 2, 1917, for that company. They also alleged that he failed in the capacity as general manager to exercise reasonable care to develop and establish a quarry such as contemplated by the contract, and that he fraudulently connived with W. J. Moore to forfeit and cancel the lease with the intention of defrauding plaintiffs in error out of the benefits of the contract.

The case was submitted to a jury upon special issues, and the jury found that neither C. R. Green, Green Marble Company, nor San Saba Marble Company established such a quarry as contemplated by the contract within the prescribed period; that in the summer and fall of 1916, C. W. Hall was general manager of the San Saba Marble Company, with authority to employ help and buy machinery, but without authority to borrow money; that during the time he was general manager, the company did not have sufficient credit to have established a quarry such as was contemplated by the contract; that Hall exercised ordinary care in an endeavor to develop and establish such a quarry as contemplated by the contract, and that he did not connive with Moore to forfeit and cancel the lease and thereby defraud defendants.

Upon these findings, the court entered judgment decreeing the land in question to C. W. Hall and W. J. Moore. Plaintiffs in error sued out a writ of error to the Court of Civil Appeals. Their brief in that court presented five assignments of error which had been filed in the trial court subsequent to the adjournment of the term. The Court of Civil Appeals refused to consider the first four assignments, stating that they were neither true nor substantial copies of any assignments contained in the motion for new trial, but were reconstructed and presented the questions in a different light from that in which they were presented in the motion for new trial filed in the trial court. 203 S. W. 1175.

[1] In their application to the Supreme Court, plaintiffs in error urge but one assignment of error, and that one is directed to the refusal of the honorable Court of Civil Appeals to pass upon the third assignment of error copied in plaintiffs in error's brief.

The fourth assignment as it appears in the motion for new trial, and the third assignment as it appears in the assignments filed in the district court subsequent to the adjournment of the term, both read in part:

"The court erred in failing and refusing to submit to the jury special issue No. 4, requested by defendants and interveners."

They differ only in the reasons given in substantiation of the requested issue. The assignment copied in the brief and relied upon in presenting the case upon appeal, being identical in the main with the motion for new trial, is entitled to be considered. Had no reason been assigned as to why the requested issue should have been given, or a wrong reason given, or a reason different from the one assigned in the trial court, it is nevertheless under the authorities entitled to be considered. Earle v. Thomas, 14 Tex. 583; Brackenridge v. Claridge, 91 Tex. 527, 44 S. W. 819, 43 L. R. A. 593; Land Co. v. McClelland Bros., 86 Tex. 179, 23 S. W. 576, 1100, 22 L. R. A. 105.

[2] The particular error pointed out by the assignment being one over which the Court of Civil Appeals is not final, we will consider it upon its merits.

The special requested issue embodied four questions which are:

"Gentlemen of the Jury: (a) Did C. W. Hall know that W. J. Moore intended to attempt to forfeit the lease made by W. J. Moore to C. R. Green, prior to January 1, 1917? Ans. ———. ———, Foreman.

"(b) If you have answered the foregoing question Yes, then state whether or not the plaintiff C. W. Hall conveyed said information to any party interested in this suit, that is, to C. R. Green, H. E. Draper, or R. S. Crain, prior to January 1, 1917. Ans. ———. ———, Foreman.

"(c) If you have answered the foregoing question No, then state whether or not the said C. R. Green and R. S. Crain could have secured

$1,000.00 to pay W. J. Moore the first payment on the lease made by him to C. W. Hall. Ans. ——. ——, Foreman.

"(d) If you have answered the foregoing question (c) Yes, then state whether or not said parties would have paid said amount for the first payment on the lease so made to C. W. Hall. Ans. ——. ——, Foreman."

In view of the findings of the jury on the issues submitted it would be immaterial whether C. W. Hall knew that W. J. Moore intended to forfeit the lease, or whether, if he knew it, he communicated it to the parties. The forfeiture provision of the contract, above quoted, charged the interested parties with notice that the contract would become null and void unless the provision was complied with.

Issues (c) and (d) were likewise immaterial. The contract could not have been saved, and the forfeiture prevented by the payment of the lease rental alone. That was one of the requisites, it is true, but the basis for the forfeiture was the failure to establish the contemplated quarry.

The theory urged in connection with the submission of these special issues is that if Hall knew of Moore's intention to forfeit the lease, and he failed to apprise C. R. Green, C. M. Green, H. E. Draper, or R. S. Crain of this fact, and in this manner prevented them from paying the lease money, he, as director and general manager of the San Saba Company, thereby practiced a fraud upon the company, and hence equity will require him to hold the lease which he purchased for the use and benefit of the company which he represented.

The answer to this is that when Hall had exercised ordinary care in an endeavor to develop and establish the quarry contemplated by the contract, and failed through no fault of his own, but only on account of the company's inability to finance it, and the lease was thereby forfeited, his obligation to the company ceased.

Because he was director and general manager, the law did not impose upon him the burden to personally undertake to carry out the contract of the company, but only demanded that he exercise ordinary care, and in good faith attempt to carry out the duties imposed by the trust. This the jury found that he did, and after the company's failure, nothing prevented him from leasing the land.

We recommend that the judgment of the district court be affirmed.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes