NIEMAN v. SOLTIS.

No. 20600.

District Court, E. D. Pennsylvania.

Oct. 15, 1938.

H. P. McFadden, of Bethlehem, Pa., for plaintiff.

Smith & Paff, of Easton, Pa., for defendant.

KIRKPATRICK, District Judge.

This is a suit at law by the receiver of a closed bank against a stockholder to recover an assessment of the par value of his stock. An affidavit of defense has been filed, and this rule challenges its sufficiency.

The statement of claim alleges the defendant's ownership of the stock, the closing of the Bank; the appointment of several successive conservators and receivers (the last of whom is the present plaintiff), the assessment and demand upon the stockholders by the Comptroller of the Currency, notice to this defendant, his refusal to pay, and the bringing of the suit under authorization of the Comptroller.

The statement sufficiently sets forth a cause of action.

The first four paragraphs of the statement of claim, which include the averment of the defendant's ownership of 20 shares of stock of the Bank, are all admitted.

The fifth to the tenth paragraphs, inclusive, covering the appointment of the conservators, the finding of insolvency of the Bank by the Comptroller and the appointment of the two successive receivers, are denied, but under the statutes and decisions governing the Pennsylvania practice the denials are insufficient and must be taken as equivalent of admissions.

These denials are of two kinds. The answer to the fifth paragraph, which avers the suspension of the Bank's business on March 3, 1933, in pursuance of the proc-

lamations of the Governor of Pennsylvania and the President of the United States, is in the following form: "Defendant avers that he has no knowledge of the averments contained in Paragraph 5 of the Plaintiff's Statement of Claim and after reasonable investigation is unable to ascertain whether or not the facts alleged * * * are true * * *" coupled with a general denial and a demand for proof, neither of which last add anything.

The paragraphs answering the sixth to the tenth paragraphs inclusive, contain the same averment of want of knowledge and reasonable investigation, plus an averment that " * * * the means of proof of the facts alleged in said paragraph are under the exclusive control of the plaintiff and of the Comptroller of the Currency of the United States of America under whose direction the plaintiff avers he is acting in the prosecution of the suit," etc. These paragraphs follow the language of the Pennsylvania statute governing the sufficiency of affidavits of defense.

The Act of 1931, P.L. p. 557, provided "that if either the defendant or the plaintiff has no knowledge, and after reasonable investigation is unable to ascertain, whether or not the facts alleged by the opposing party are true, or if means of proof of the facts alleged are under the exclusive control of the party making the allegation, it shall be a sufficient answer to allege that either or both such conditions exist and to demand proof of such alleged facts by the opposite party, but in no event shall either party be required to allege or prove that he has inquired of the opposite party as to, or investigated, alleged facts, the proof of which is under the exclusive control of the opposite party."

█ It will be noted that this Act gives a defendant who can not make an explicit denial under oath the right to put the plaintiff to proof of a fact pleaded by him, where either one or both of two conditions exist—(a) if the defendant has made a reasonable investigation and can not find out whether or not the fact is true, and (b) if the fact is of such kind that the plaintiff has exclusive control of the means of its proof, in which latter case it is not necessary that the defendant make any investigation whatever. The distinction between the two, however, is carefully preserved, and the right to put the plaintiff to proof of facts not within the

plaintiff's exclusive control but unknown to the defendant depends upon the defendant being willing to say under oath that he has investigated and failed to obtain the necessary information.

This Act was amended in 1935, P.L. 666, 12 P.S.Pa. § 390, by adding the following proviso: "In no event, shall the party demanding proof of such alleged facts be required to state, specifically or otherwise, or to prove what reasonable investigation he has made to obtain the information of which he alleges he has no knowledge."

█ This proviso was added after the decision of the Supreme Court of Pennsylvania in Bank of America Nat. Trust & Sav. Ass'n v. Sunseri, 311 Pa. 114, 166 A. 573, and was intended to make a change in the law to meet one part of the rule laid down in that opinion. The Court, in the Sunseri Case, said, among other things, that a statement in the exact language of the Act of 1931 to the effect that the defendants "have no knowledge of the facts set forth therein and that after reasonable investigation they are unable to ascertain whether or not the facts alleged therein are true," [page 574] was not a sufficient compliance with that particular branch of the statute, this because the allegation that a reasonable investigation had been made was a mere conclusion of law. The Court held that to bring himself within the terms of this privilege the defendant must particularize and aver exactly what he did, so that the Court could determine whether the investigation was reasonable. Otherwise it was only a matter of opinion. This was the ruling which was met by the amendment of 1935, 12 P.S.Pa. § 390. Its effect is merely to relieve the defendant of the necessity of particularizing, as a matter of pleading, the steps which he took in the course of his reasonable investigation.

█ The Sunseri decision, however, covered other points which the Amendment of 1935 did not touch. The Court dealt with certain other denials of the affidavit of defense in that case, made under the other branch of the Act of 1931, to the effect that the means of proof of the facts alleged were under the exclusive control of the plaintiff and said, in effect, that where such statements were obviously false they would not be sufficient to prevent judgment. This ruling was not based upon any

failure to comply sufficiently with the requirements of the statute but involved a much broader principle, namely, that no court will permit its process to be trifled with and its intelligence affronted by the offer of pleadings which any reasoning person knows can not possibly be true. This general principle applies just as well to the want of knowledge and reasonable investigation branch as to the exclusive control and means of proof branch of the statute, and the fact that the statute has been fully complied with does not affect the situation.

It is still the law and is unaffected by the Amendment of 1935. Broderick, Supt. etc. v. Allis, 26 Pa.Dist. & Co. R. 60, 65.

■ To apply it to the case in hand, it is obviously impossible that the defendant could have made any reasonable investigation of the fact that the Bank had been closed in 1933 without finding it out, or knowing that the Bank had closed in pursuance of proclamations by the Governor of Pennsylvania and the President of the United States. The statement that he did is patently false. It is equally false that the appointment of conservators, the taking of the Bank by the Comptroller and the appointment of receivers, all of which are matters of public record, are matters of which the means of proof are exclusively in the control of the plaintiff, or that the defendant has made reasonable investigation and been unable to ascertain the truth about them.

Paragraphs 5 to 10, inclusive, of the affidavit of defense may therefore be taken as insufficient.

The same general considerations apply to paragraphs 11 and 12, except that the defendant did not quite go to the length of denying the receipt by him of the notices. The same ruling is made as to these paragraphs.

■ The 13th Paragraph is admitted and the 14th goes to an immaterial matter. No special authorization is necessary for the bringing of a suit of this kind. It will be presumed that it is brought by the receiver in pursuance of the general duties imposed upon him by his office.

■ As to the affirmative defense, it need only be said that it involves a collateral attack upon the action of the Comptroller in taking over the Bank and raises the question of the failure of the receivers or conservators to perform their full duty in administering the affairs of the closed Bank and getting in and conserving its assets. "But this question is not open to litigation in this case." Deweese v. Smith, 8 Cir., 106 F. 438, 445, 66 L.R.A. 971. The matter is too well settled to require further citation of authority. In the recent case of Adams et al. v. Nagle, 303 U.S. 532, 58 S.Ct. 687, 82 L.Ed. 999, the Supreme Court held that in a situation somewhat like that presented by the affirmative defense here (except that it was really a great deal stronger), the stockholders would not be permitted to assert it in a bill in equity to restrain the bringing of suits to collect assessments. This decision conclusively rules on all points that could be raised in support of the defense here asserted.

The defendant also has called the attention of the Court to the Pennsylvania Act of March 28, 1867, P.L. 48, Sec. 1, 12 P.S.Pa. § 41, supplementing the state statute of limitations. The statute of limitations has not been pleaded, but if I thought the Act of 1867 were applicable I would permit an amendment.

■ In Kirschler v. Wainwright, 255 Pa. 525, 100 A. 484, L.R.A.1917E, 393, the Supreme Court of Pennsylvania held the Act did not apply to a similar proceeding. The Court pointed out that if it were held applicable it might operate to foreclose a right of action before it ever came into existence, since cases might arise where the assessment was made more than six years after the deposit. The Statute has to do with limitations and can not be interpreted to abolish the cause of action altogether. In addition, if the Act of 1867 were intended to apply to an action of this kind and if it were construed as the defendant says it should be, it might be that depositors whose deposits have been allowed to remain with the bank for more than the statutory period would be barred from participation in the final distribution. This would be in direct conflict with the provisions of the National Banking Law, 12 U.S.C.A. § 21 et seq., requiring ratable distribution.

■ Of course, the general state statute of limitations governs, but it is well settled that the receiver's right of action arises by virtue of the assessment of the Comptroller (Johnson v. Greene, D.C., 14 F. Supp. 945), and this suit was brought well

within the period of limitation running from that date.

The conclusion is that the affidavit of defense is insufficient, and judgment may be entered for the plaintiff in the amount claimed with interest from the date of the assessment.

Rule 86, 28 U.S.C.A. following section 723c, provides: "They govern all proceedings in actions brought after they take effect and also all further proceedings in actions then pending * * *." I do not understand that this means that, where the question is upon pleadings all of which have been filed before the effective date of the Act, the Court's ruling will be affected by the provisions of the new rules. In addition their application to this pending action would not, in my judgment, even if authorized by the rules, be feasible.

I may say, however, that the general rule that the Court is not bound to accept statements in pleadings which are, to the common knowledge of all intelligent persons, untrue, applies just as well to the provisions of Rule 8(b), 28 U.S.C.A. following section 723c, as to pleadings under the state statute.

NOTE: The greater part of the foregoing opinion was written before the effective date of the new Rules of Civil Procedure. The only reason it was not filed then is that I ordered a reargument, which was to be limited to the single question of the effect of the Pennsylvania Act of 1867 relating to limitations.