## NIEMAN v. LONG.
### No. 143.

District Court, E. D. Pennsylvania.
Dec. 8, 1939.

H. P. McFadden, of Bethlehem, Pa., for plaintiff.

Lewis R. Long, of Bethlehem, Pa., for defendant.

KIRKPATRICK, District Judge.

This is a motion by the plaintiff for summary judgment in a suit by the receiver of an insolvent national bank to recover a stock assessment.

Paragraphs 1, 2 and 3 of the complaint are admitted. They merely state the incorporation of the Bethlehem National Bank, its capital, the par value of its shares, and the residence of the defendant.

Paragraphs 5 to 10, inclusive, set out the proceedings, including the closing of the bank and the appointment of conservators and successive receivers, leading up to the assessment of stockholders and demand for payment. They are all answered by substantially the same averments, and the answers are wholly insufficient to raise any genuine issue as to any material fact. As an example, Paragraph 5 of the complaint states that on March 4, 1933, the bank suspended business in pursuance of a proclamation of the Governor of Pennsylvania, Paragraph 6, that the Comptroller on March 15 appointed a conservator, and Paragraph 8, that the comptroller became satisfied of the bank's insolvency, took possession of it, and appointed a receiver, etc. As to these and all similar averments, the answer is that the defendant has no knowledge and after reasonable investigation is unable to ascertain whether the facts stated are true, denies the allegations if material, and demands proof—for example, of the proclamations of the Governor of Pennsylvania and the President of the United States, and also of the authority of the Governor and the President to make the proclamations. This Court has already dealt with averments of this kind in the case of Nieman (Bethlehem National Bank) v. Soltis, 24 F. Supp. 1014, 1016. In that case the Court pointed out that the ruling in Bank of America v. Sunseri, 311 Pa. 114, 166 A. 573, "was not based upon any failure to comply sufficiently with the requirements of the statute but involved a much broader principle, namely, that no court will permit its

process to be trifled with and its intelligence affronted by the offer of pleadings which any reasoning person knows can not possibly be true. This general principle applies just as well to the want of knowledge and reasonable investigation branch as to the exclusive control and means of proof branch of the statute, and the fact that the statute has been fully complied with does not affect the situation." and that "the general rule that the Court is not bound to accept statements in pleadings which are, to the common knowledge of all intelligent persons, untrue, applies just as well to the provisions of Rule 8 (b), 28 U.S.C.A. following section 723c, as to pleadings under the state statute."

 It will be noted that these allegations of the answer are not in precise accordance with Rule 8 (b), Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which requires that the answer, in order to have the effect of a denial, must aver that the party is "without knowledge or information sufficient to form a belief." However, I am inclined to think that the statement that the defendant after reasonable investigation is unable to ascertain whether the facts are true is the equivalent. On its face it is plainly untrue, and on that basis insufficient to raise an issue. Of course, if, under the Rule, the answer does not have the effect of a denial, because not in accordance with the requirements, the ruling would be the same.

The material facts of Paragraphs 11 and 12 of the complaint are sufficiently admitted by the corresponding paragraphs of the answer.

The affirmative defenses set up in Paragraphs 15 to 17, inclusive, of the answer are all wholly insufficient and ineffective to prevent judgment. See Adams v. Nagle, 303 U.S. 532, 58 S.Ct. 687, 82 L.Ed. 999.

██ As to the denial that the defendant was a stockholder of the bank, contained in Paragraph 4. This Court in Willing v. Delaplaine, D.C., 23 F.Supp. 579, held that the mere delivery of a certificate endorsed in blank to the officers of the bank is insufficient to relieve the stockholder of his prima facie liability. It is not specifically averred in the complaint that the stock remained in the name of the defendant upon the books of the company up to within 60 days before the date of the bank's failure. This, however, seems to be implicit in the fourth paragraph of the complaint to the effect that on March 4 the defendant was the "holder" of five shares, etc. This ruling is made on the assumption that there was no transfer upon the books of the company prior to the period mentioned. If this assumption is erroneous, the defendant will be permitted to amend by alleging the transfer of his stock on the books of the bank, together with the date.

If the defendant fails to file such amendment within ten days from the date of this order, judgment may be entered for the plaintiff in the amount claimed with interest.