OLD LINE MUT. LIFE INS. CO.

v.

TILGER.

No. 4985.

Court of Civil Appeals of Texas. El Paso.

Dec. 30, 1953.

Rehearing Denied Jan. 27, 1954.

558

H. L. Adkison, Dallas, for appellant.

Gullett & Gullett, Robert L. Doss, Denison, for appellee.

McGILL, Justice.

This was a suit to recover hospital and surgical benefits under an insurance policy. Appellee was plaintiff and appellant defendant in the trial court. Trial was to a jury. On answers to special issues the court rendered judgment for $320, the amount of such benefits, and 12% thereof as statutory penalty, and $250 as attorneys fees, in favor of plaintiff against defendant. Plaintiff alleged the issuance of the policy to his wife on April 25, 1951 by defendant; the coverage therein provided; that his wife was hospitalized on March 4, 1952 through March 29, 1952, and itemized the expenses incurred to which he was en-

titled under the terms of the policy; that he had made demand therefor but defendant without just cause had denied liability and refused payment; that more than thirty days had elapsed since he made such demand and defendant had refused payment. He sought to recover the amount of such expenses, $320, and 12% thereof as statutory penalty, or $452, and reasonable attorneys fees in the sum of $250.

The defendant answered by general denial, and specially denied that plaintiff was entitled to any attorneys fees or the 12% penalty, and alleged that under the terms of the policy of insurance issued by defendant, among other limitations and exclusions contained in the policy was the following:

"This policy does not cover any loss for disability resulting wholly or partly in or from (J) diseases not common to both sexes, unless the cause thereof originated after this policy has been in continuous force for the preceding ten months."

That the disability of Mrs. Tilger was the result of a disease not common to both sexes and that the cause thereof originated prior to the time said insurance policy had been in force for ten months, and prayed that plaintiff take nothing.

The jury found (1) that Mrs. Tilger became sick after February 24, 1952; (2) that the defendant refused plaintiff's demand for payment without just cause; (3) that reasonable compensation for services rendered by plaintiff's attorney was $250; and (4) they failed to find from a preponderance of the evidence that the cause of the sickness of plaintiff's wife, Mrs. Hubert M. Tilger, which resulted in medical care, originated or existed prior to February 24, 1952.

Appellant has presented six points. The first is that the Court should have granted defendant's motion for a *verdict* at the close of plaintiff's testimony because the plaintiff had not proved that he had a cause of action, and the second that the court should have granted defend-

ant's motion for a *verdict* non obstante veredicto because the plaintiff failed to prove that he had a cause of action and the verdict is contrary to the evidence in that the undisputed evidence shows that the plaintiff's wife's illness originated prior to February 24, 1952. The controversy raised by these points narrows to the question of on whom was the burden of proof to establish (J) of the limitations and exclusions contained in the policy above stated. We have concluded that the burden of proof was upon the defendant to establish the facts which would have relieved it of liability under this section of the limitations and exclusions. The defendant pled this exception and relied on it to defeat liability. This was defeasance, or excuse to avoid the insured's loss by "sickness the cause of which originates after the date of this policy", which the insurer promised to pay. It comes within the rule of Hutcherson v. Sovereign Camp, W. O. W., 112 Tex. 551, 251 S.W. 491 and similar cases, rather than Travelers' Ins. Co. v. Harris, Tex. Com.App., 212 S.W. 933, and like cases. See 24 Tex.Jur. pp 1246, 7, 8, Sec. 388; and Cyclopedia of Ins., Cough, Vol. 8, pp. 7168, 9, 70, Sec. 2217.

The insurer's promise was to pay the loss incurred by the insured as hospital expenses and surgical service, in conformity with the "Schedule of Coverages" contained in the policy, by reason of "Sickness the cause of which originates after the date of this policy". Under this promise, which plaintiff proved when he introduced the policy he established a cause of action when he proved that his wife was hospitalized because of sickness which originated after the date of the policy, the amount of hospital expenses and surgical indemnities specified in the "Schedule of Coverages", the demand for payment thereof and the insurer's denial of liability. (J) under "Limitations and Exclusions" took nothing from the general portion of the contract so that the promise to perform was only what remained. It was a stipulation added to the principal contract to avoid the promise therein contained.

The jury found (1) that plaintiff's wife, Mrs. Tilger, became sick after February 24, 1952, and (4) they failed to find that the sickness of plaintiff's wife originated or existed prior to February 24, 1952. These findings eliminated (J) of "Limitations and Exclusions" contained in the policy. Appellant contends that there was no evidence to support the finding that the cause of plaintiff's wife's illness had wholly originated after February 24, 1952. It will be observed that there was no such finding—the jury by its answer to special issue No. 4, merely failed to find from a preponderance of the evidence that such sickness did originate prior to February 24, 1952. As we have held, the burden was on appellant to prove that it did so originate in order to establish its defense under (J) of "Limitations and Exclusions."

■ Appellant also contends that the jury's answer to special issue No. 2 to effect that defendant refused plaintiff's demand for payment without just cause was wholly unjustified. We think this contention must be sustained. "Standard Provisions" 7 of the policy provides that affirmative proof of loss must be furnished to the company at its office within 91 days after the date of loss for which claim is made. The defendant introduced two proofs of loss, one dated March 29, 1952, and one dated December 7, 1951, both made on forms of Old Line Mutual Life Insurance Company, the first signed Georgia B. Tilger by H. M. Tilger, and the second Georgia B. Tilger by husband. In the first it is stated that the nature of Mrs. Tilger's illness was ovarian cyst, cervicitis, endometritis, and that she first noticed she was beginning to get sick "2-4-52"; in the second it is stated that the nature of Mrs. Tilger's illness was cervicitis and endometritis, and that she first noticed she was beginning to get sick Nov. 15, 1951. The declaration after listing of expenses and services was:

"I declare the foregoing answers and statements to be correct and true, and I agree if they are found to be

untrue, all rights under my policy shall be void, and I hereby authorize any hospital, physician or other person who has attended or may attend me to disclose any information to the insurance company, including history records. Dated this 29 day of March, 1952. Claimant's Signature X /s/ Georgia B. Tilger by H. M. Tilger."

The nature of the disease and the dates specified in each of these proofs, if true, would have made (J) of "Limitations and Exclusions" applicable, and relieved the company of liability. Although the husband testified that he did not know what he was signing when he signed the proofs, and that he thought it was merely a matter of routine, yet it is clear from his testimony that he intended the hospital to collect the claim for hospital and surgical benefits for him, and intended what he signed to be used for this purpose. The company had the right to rely on the facts stated in the proofs. Bank Saving Life Ins. Co. v. Milan, Tex.Civ.App., 70 S.W. 2d 294 (wr. ref.).

Since these proofs disclosed that it was not liable under (J) of "Limitations and Exclusions" the company as a matter of law had just cause for refusing plaintiff's demand for payment at the time it wrote its letter of April 2, 1952, denying liability. The declaration gave every indication to the company that the signer knew the contents of the proofs because he expressly declared that all rights under the policy should be void if they were not true. This declaration is right above his signature. It is true that Mrs. Tilger testified that after she received the company's letter stating that they would not pay she wrote them, but they did not answer her. However, she does not say that she filed any other proof of claim or withdrew the proofs signed by her husband, or corrected, contradicted or explained them. Certainly the penalty prescribed by art. 3.62 of the Insurance Code, Vol. 14, V.A.C.S., should not be imposed where the company had just cause for refusing payment of the claim. The jury's answer to special issue No. 2 was without evidence to support it. The defendant did not request that this issue be disregarded and judgment rendered accordingly, as it could have done under Rule 301, T.R.C.P. Under this rule the Court had no alternative other than to render judgment in accordance with the verdict. In its amended motion for a new trial, par. VIII, the defendant pointed out to the court that the verdict was not supported by the evidence because there was absolutely no evidence to show that the defendant refused plaintiff's demand for payment without just cause. The court therefore erred in overruling the amended motion for new trial. However, there is no point in appellant's brief which assigns error in the court's failure to grant defendant's amended motion for a new trial; therefore we are not required to consider this error. Rule 418, T.R.C.P.

If we did not consider it for this reason justice would require that we grant appellant a reasonable time in which to amend or supplement its brief so as to interpolate this omitted point. Rules 431, 437 and 422, T.R.C.P. Texas Cities Gas Co. v. Gomez, Tex.Civ.App., 160 S.W.2d 74, (er. ref.); Gillett Motor Trans. Co. v. Wichita Falls & Southern Ry. Co., Tex.Civ.App., 170 S.W.2d 629.

We see nothing to be gained by following this procedure since the lack of evidence to support the jury's answer to special issue No. 2 is demonstrated under appellant's first and second points. We have therefore considered the error assigned in paragraph VIII of defendant's amended motion for a new trial, and having concluded that such error required the court to grant a new trial, we reverse the judgment and remand the cause for a new trial.

The other errors of which appellant complains will probably not arise upon another trial, and therefore we shall not discuss them. The judgment is reversed and the cause remanded.

Reversed and remanded.