Bentura C. OLIVARES, Appellant,

v.

SERVICE TRUST COMPANY, Appellee.

No. 3927.

Court of Civil Appeals of Texas.

Eastland.

Nov. 20, 1964.

Victor A. Speert, San Antonio, for appellant.

Bradford F. Miller, San Antonio, for appellee.

GRISSOM, Chief Justice.

Service Trust Company sued Bentura C. Olivares in the County Court seeking to recover $205.90, alleged to be due on a promissory note, plus interest and attorney's fees. Plaintiff also alleged that it held a mortgage on a television set as security for payment of said note and prayed for foreclosure of its lien. Thereafter, plaintiff filed an affidavit for sequestration alleging therein that the value of the television set was $175.00. Plaintiff did not allege in its petition the value of the mortgaged property. The defendant did not before rendition of the judgment in any manner complain of plaintiff's failure to allege the value of the mortgaged property. Judgment was rendered for the plaintiff for the amount due on the note, interest, attorney's fees and foreclosure of the mortgage lien. Olivares has appealed.

Appellant's only point is that the court erred in rendering the judgment because appellee did not allege the value of the mortgaged property upon which it sought foreclosure. He contends that because of said failure to allege the value of the mortgaged property the County Court did not have jurisdiction. Appellee's counterpoint is to the effect that appellant did not before rendition of the judgment except, or in any manner point out to the trial court the defect, or omission, in plaintiff's pleading which it now asserts as ground for reversal and, therefore, under the provisions of Texas Rules of Civil Procedure, rule 90, appellant waived such omission and the judgment should be affirmed. Rule 90 provides that "every" defect or omission in a pleading not specifically pointed out to the trial court before rendition of judgment shall be deemed waived by the party seeking a reversal because of such defect or omission. We overrule appellant's point and sustain appellee's counterpoint. Appellant's contention appears to be supported by Valadez v. White Stores, Inc., Tex.Civ.App., 367 S.W.2d 216. If so, we do not follow its holding. The pri-

mary purpose of the Texas Rules of Civil Procedure is to dispose of cases on the merits. The precise point presented by the appellant was presented in white horse cases and overruled in Litterst v. Edmonds, Tex.Civ.App., 176 S.W.2d 342, 344, (Ref. W.M.) and Weisenberger v. Lone Star Gas Company, Tex.Civ.App., 257 S.W.2d 331, 333, (Writ Dis.). These decisions have often been cited and appear to have the approval of our Supreme Court. Our decision is also sustained by Texas Osage Co-Op Royalty Pool v. Kemper, Tex.Civ. App., 170 S.W.2d 849, 852, (Writ Ref.); Roper v. Winner, Tex.Civ.App., 244 S.W. 2d 355, 358; Baker v. Highway Insurance Underwriters, Tex.Civ.App., 209 S.W.2d 979, (Ref. N.R.E.); Erminger v. Daniel, Tex.Civ.App., 185 S.W.2d 148, (Ref. W.M.), and Hilley v. Hilley, Tex.Civ.App., 305 S.W.2d 204, (Ref. N.R.E.).

The judgment is affirmed.