Atley SHERMAN et ux., Appellants,

v.

PROVIDENT AMERICAN INSURANCE
COMPANY, Appellee.

No. 6841.

Court of Civil Appeals of Texas.

Beaumont.

May 19, 1966.

Rehearing Denied June 15, 1966.

Daylee Wiggins, Beaumont, for appellants.

Dale Dowell and John Rienstra, Jr., Beaumont, G. H. Kelsoe, Jr., Dallas, for appellee.

PARKER, Justice.

Plaintiff, Atley Sherman, sued Provident American Insurance Company upon a contract of insurance, being a cash hospital indemnity policy, issued to him by said company, in connection with the hospitalization of his wife, Florence Sherman. Trial was to a jury but upon defendant's motion for instructed verdict, after plaintiff had rested his case, judgment was entered that Atley Sherman have and recover nothing of and from the defendant, Provident American Insurance Company.

The insuring clause of this policy reads as follows:

"Provident American Insurance Company (herein called Company) HEREBY INSURES the Applicant, first named in the following Schedule, hereinafter called the Insured, and will pay, subject to all provisions and limitations herein contained, the benefits provided herein for expense of hospital confinement commencing while this policy is in force and other specified expenses incurred while this policy is in force by the Insured or any member of the Insured's family, if any, named in said Schedule (all of whom, including the Insured, are hereinafter called the Family Group) (a) resulting from accidental bodily injury sustained while this policy is in force, hereinafter referred to as such injury; and (b) resulting from sickness, the cause which originates after the effective date of this policy and while this policy is in effect, hereinafter referred to as such sickness."

We omit the details as to the hospital room rate and other expenses of the hospitalization set forth in the policy. The defendant insurance company pleaded a general denial and all of the provisions and limitations in said policy as defenses together with a specific pleading in defense to the plaintiff's action of the exclusions and limitations contained in said policy including but not limited to part 9 as follows:

"1. This policy does not cover any loss or disability resulting wholly or partly, in or from (1) any attempt at suicide, while sane or insane; (2) rest cures, nervous or mental disorders, dental treat-

ment; (3) participating in aeronautics, except as a fare-paying passenger in a licensed aircraft provided by a common carrier traveling on an established passenger route; (4) military or naval service or war; (5) venereal disease; (6) injury or sickness while confined to any institution wherein the Insured is entitled to services without cost to himself; (7) hospitalization for which the principal purpose is diagnosis.

2. Any loss or disability resulting wholly or partly in or from sickness or disease involving a kidney or kidneys, cancer, hernia, gall bladder, ulcers, tuberculosis, diabetes, arthritis, rheumatism, asthma, sinusitis, enteritis, gastritis, tonsillitis, bronchitis, apoplexy, loss or disability resulting wholly or partly from treatment, removal or repair of any of the generative organs, or any disease of the heart or circulatory system shall be covered only if the cause thereof originates after this policy has been in force for the preceding six months; (2) any loss or disability resulting wholly or partly in or from any sickness or disease which results in a surgical operation shall be covered only if the cause originates after this policy has been in force for the preceding six months, (3) loss or disability due to childbirth, pregnancy or any complication resulting therefrom shall not be covered unless provided by supplement.

3. If any member is unmarried and under eighteen (18) years of age when this policy is issued, such member shall receive full benefits of this policy until such member marries or attains age eighteen (18) at which time all benefits of this policy shall be reduced 50%; however the premiums may be increased if authorized by the Insured to provide full benefits.

4. This policy does not provide benefits for confinement or treatment in any facility contracted for or operated by the United States or State Government for the treatment of members or ex-members of the armed forces."

The appellant Sherman has two points of error:

1. The trial court erred in granting an instructed verdict for the defendant, because the plaintiff did not have the burden to negative all the exceptions and limitations in their proof.

2. The trial court erred in granting instructed verdict for defendant because the burden of proof was on the defendant to plead and prove limitations and exclusions.

Before Rule 94, Texas Rules of Civil Procedure, it was a well settled law of this state that the plaintiff suing on such a policy had to negative all exceptions and limitations of the policy and prove his loss in order to recover. Under Rule 94 where an insurance company pleads the exceptions, limitations and exclusions as defenses, the same burden of proof is on the plaintiff in order to recover. Appellant admits he did not attempt to discharge this burden because he considered the burden was on the insurance company. As stated in Wood v. American Security Life Ins. Co., 304 S.W. 2d 559 (Tex.Civ.App.1957) the rule to be followed relative to plaintiff's cause of action is stated in Travelers' Ins. Co. v. Harris, 212 S.W. 933 (Tex.Com.App.) and International Travelers' Ass'n v. Marshall, 131 Tex. 258, 114 S.W.2d 851. Other cases in point are Shaver v. National Title & Abstract Co., 361 S.W.2d 867 (S.Ct.1962); Hardware Dealers Mutual Ins. Co. v. Berglund, 393 S.W.2d 309 (S.Ct.1965). Appellant did not discharge his burden of proof under the above decisions. Appellant's points of error are overruled.

Judgment of the trial court is affirmed.