Atley SHERMAN et ux., Petitioners,

v.

PROVIDENT AMERICAN INSURANCE
COMPANY, Respondent.

No. A–11604.

Supreme Court of Texas.

June 28, 1967.

Alvin E. Wiggins and Daylee Wiggins,
Beaumont, for petitioners.

Kelsoe & Stone, G. H. Kelsoe, Jr., and
Robert M. Kennedy, Dallas, King, Sharf-
stein & Rienstra, Dale Dowell, Beaumont,
for respondent.

GRIFFIN, Justice.

In this cause petitioners, Sherman and
wife, filed a suit in the County Court at
law, Jefferson County, Texas, against re-
spondent Insurance Company, as defendant,
to recover hospital and clinical service
benefits in the sum of $216.00 plus $100.00
attorney's fee and 12% penalty. The de-
fendant answered, pleading certain exclu-
sions and limitations contained in the policy

which relieved defendant of liability. At the close of the plaintiffs' testimony the trial court granted defendant's motion for an instructed verdict, and upon the return of such verdict, the trial court rendered judgment for the defendant. On appeal to the Court of Civil Appeals the trial court's judgment was affirmed. 404 S.W.2d 340.

■ In order to give this Court jurisdiction of this case a conflict is alleged to exist between the holding of the Court of Civil Appeals in the case at bar that under the record herein the burden of proof was on the plaintiffs to negate the pleaded exclusions and limitations and the contrary holding in the case of Old Line Mutual Life Insurance Company v. Tilger, 264 S.W.2d 557 (Tex.Civ.App., 1953), no writ history. We recognize that such a conflict does exist.

At the time this Court granted this application for writ of error, it was thought we would be able to pass upon the sufficiency of the defendant's pleading of the exclusions and limitations contained in the policy.

Various law professors have filed herein amicus curiae briefs in which it is asserted that the pleadings of defendant contained in his paragraph 4 were not sufficient under Rule 94, Texas Rules of Civil Procedure, to place the burden of proof upon plaintiffs to negate the exclusions and limitations of the policy. Defendant specifically pleaded in defense to the plaintiffs' suit, "the following provisions, exclusions and limitations contained in the said policy, to-wit: (a) the provisions, limitations and exclusions contained in the insuring clause of said policy." There are sub-heads (b) through (i) of similar pleadings in paragraph 4.

■ Many of the policy exceptions pleaded by respondent and included in its motion as grounds for an instructed verdict were obviously sham defenses. To seek in this manner to frustrate the intended purpose of Rule 94 violates both its spirit and its letter; but we know of no authority, either of rule of procedure or of decided case, which authorizes this Court to reverse the judgment of the trial court because it failed in the absence of motion or exception, to strike or disregard the sham defenses, particularly since petitioners have made no complaint thereof on appeal.

Plaintiffs in their motion for rehearing, filed on our original action passing on their application for writ of error, adopted the attack made on defendant's pleading and as contained in the amicus curiae briefs. Prior to the time plaintiffs filed their motion for rehearing they had made no attack on the pleadings contained in defendant's answer either in the trial court or the two appellate courts. An examination of the Statement of Facts shows that plaintiffs recognized that the pleadings of defendant in paragraph 4 were of a general nature, but plaintiffs made no complaint to the trial court nor filed any exception to such pleading as required by Rules 90 and 91, Texas Rules of Civil Procedure. Realizing all of this, the attorney did not file a single exception to the pleadings of defendant; he did not present to the trial court *any request oral or written* which in any manner questioned the sufficiency of defendant's pleadings. The plaintiffs' attorney accepted the fact that the pleadings were sufficient to raise all defenses pleaded, and he never at any time during the trial presented his exceptions to, nor asked for a ruling by, the trial court on the sufficiency of defendant's pleadings. See Rule 67, Texas Rules of Civil Procedure.

In fact, both sides proceeded upon the premise that the pleadings of defendant raised the exceptions and exclusions of the policy. Plaintiffs, while agreeing that defendant's pleadings were sufficient to raise the exceptions and exclusions contained in the policy and consenting that the pleadings of defendant were sufficient to raise the issues in the policy limitations and exclusions, contended, relying on the Tilger case

(264 S.W.2d 557) by the El Paso Court of Civil Appeals, that the defendant had the burden of proof in establishing the exceptions and exclusions and plaintiffs had no duty to put on any evidence.

In plaintiffs' briefs filed in the Court of Civil Appeals and in this Court, plaintiffs have set out what in their opinion was the question to be decided. Appellants' brief in the Court of Civil Appeals states: "The question to be resolved in this case is who had the burden of proof. The plaintiffs contend that they have met their burden of proof to establish their case, and that the defendant who plead all of their exceptions and limitations in the policy, failed to go forward with their proof under their exceptions and limitations, and that it was error on the part of the trial court to grant judgment to the defendant on the ground that the plaintiffs did not negative all the exceptions and limitations plead by the defendant." This was confirmed by plaintiffs' counsel in his oral argument before this Court.

Rule 90, Vernon's Texas Rules Ann., in plain and unambiguous language provides in part, "[e]very defect, omission or fault in a pleading *either in form or of substance,* which is not specifically pointed out by motion or exception in writing and brought to the attention of the Judge in the trial court before the instruction or charge to the jury or, in a non-jury case, before the rendition of judgment, *shall be deemed to have been waived* by the party seeking reversal on such account." (Emphasis added.)

▮ Insufficiency of pleadings cannot be raised for the first time in the appellate courts. Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562 (1944); Texas Osage Co-Op. Royalty Pool v. Kemper, 170 S.W.2d 849 (Tex.Civ.App., 1943), writ refused. This last case has been cited in many cases down through Olivares v. Service Trust Company (Tex.Civ.App., 1964), 385 S.W.2d 687, 688, no writ history, and its holding has never been questioned. Therefore, we do not have

before us and cannot decide the question regarding the sufficiency of defendant's allegations in the case at bar.

▮ On the point of conflict as to the burden of proof, the Court of Civil Appeals in the case at bar has correctly decided that the burden of proof was on the plaintiffs to negative the exclusions and limitations contained in the policy and pleaded as a defense by defendant's answer. International Travelers Ass'n v. Marshall, 131 Tex. 258, 114 S.W.2d 851 (1938) and Travelers Ins. Co. v. Harris, 212 S.W. 933 (Tex. Com.App., 1919). The Supreme Court adopted the judgment and approved the holding of the Commission on the question discussed in that case.

Accordingly, we disapprove the contrary holding in Old Line Mutual Life Ins. Co. v. Tilger, 264 S.W.2d 557 (Tex.Civ.App., 1953), no writ history.

The judgments of both courts below are affirmed.

### Dissenting Opinion

NORVELL, Justice.

The judgment in this case is not based upon the merits of the controversy. There is a genuine issue of fact as to whether the insurance policy sued upon had been procured by false representations as to the health of Mrs. Sherman. Although a jury had been impanelled, this issue was never submitted to it nor decided by the trial court. I realize that we must have procedural rules, and that upon occasion lawsuits will be determined by how lawyers use or fail to utilize these rules. However, the rendition of a judgment not based upon the merits of a controversy is a regrettable occurrence. Particularly is this true of suits upon insurance policies, considering the position the industry occupies in our economic system, its sales methods and the reliance placed upon its contracts by the buying

public. Such an unfortunate occurrence or result should be avoided unless in such avoidance we raise greater evils by weakening or destroying our procedural system.

The majority cites Rule 90, Texas Rules of Civil Procedure, and takes the position that the plaintiff (petitioner) by failing to lodge proper exceptions to the defendant's objectionable answer, has waived his right to have the true issue in the case submitted to the jury. I disagree with this position. To my mind, the answer of the defendant (respondent) constitutes an attempt by pleading to circumvent the provisions of Rule 94 and in effect reinstate the cumbersome, unjust and wholly unsatisfactory practice that existed in this state prior to the adoption of the 1941 Rules of Civil Procedure. It is the duty of this Court to promulgate and enforce rules of procedure and it follows that we should not permit such rules to be circumvented and defeated by the pleadings of litigants.

Instead of relying upon Rule 90 as a basis of affirmance, I would apply the rule applicable to sham pleadings and reverse the judgments of the courts below. We are not here dealing with an answer which is merely defective, vague or uncertain, but with one which had for its objective the raising of fictitious issues contrary to the aims and purposes sought to be accomplished by Rule 94.

The rule as to sham, vexatious or frivolous pleadings is stated in 41 Am.Jur. 527, Pleadings § 347, as follows:

"It has always been held that by virtue of its inherent power, a court has authority by summary means to prevent an abuse of its processes and peremptorily to dispose of causes of action or defenses that are sham, frivolous, or wholly vexatious. This power may be exercised, provided the vice clearly and indisputably appears, on the court's own motion or on the motion of an adverse party to strike out the objectionable pleading. Not only is a court authorized to strike from the record a sham plea either with or without motion, but it may also disregard the plea without an express order striking it."

In Rhea v. Hackney, 117 Fla. 62, 157 So. 190 (1934), the Supreme Court of Florida said with a wealth of supporting authorities that:

"The power to eliminate sham pleadings is an indispensable power to the protection and maintenance of the character of the court, and the proper administration of justice."

See also, Clark v. Life & Casualty Ins. Co., 245 Ky. 579, 53 S.W.2d 968, 84 A.L.R. 1420 (1932), Bank of America Nat. Trust & Sav. Ass'n v. Sunseri, 311 Pa. 114, 166 A. 573 (1933), Nieman v. Long, 31 F.Supp. 30 (E.D.Pa.1939), Nieman v. Soltis, 24 F.Supp. 1014 (E.D.Pa.1938), 71 C.J.S. Pleading § 460, p. 945.

I cannot construe Rule 90 as depriving this Court or any other Texas court of the power and duty to disregard a sham pleading upon its own motion.

The majority recognizes that "[m]any of the policy exceptions pleaded by respondent (defendant) and included in its motion as grounds for an instructed verdict were obviously sham defenses" and concedes that, "To seek in this manner to frustrate the intended purpose of Rule 94 violates both its spirit and its letter;" but then concludes that it is unable to do anything about it. I concede that the somewhat drastic and technical rule against sham pleading should be exercised with extreme caution, 71 C.J.S. Pleading § 460(c), p. 948, but the answer filed in this case cannot be classified as one creating a doubtful situation. The defendant pleaded *all* of the exceptions and limitations to the general liability stated in the policy. Mrs. Sherman was a 59 year old housewife and the motion for instructed verdict following

the allegations of the answer contained such far-fetched grounds as these:

"There is no evidence that Mrs. Sherman's hospitalization made the basis of this suit, was not due to childbirth, pregnancy or any complication resulting therefrom. * * * There is no evidence that Mrs. Sherman's hospitalization, made the basis of this suit, did not result wholly or partly in or from military or naval service or war."

The motion then continued with 37 additional specifications of like nature. Clearly, as the majority of the Court recognized, a case involving sham defenses was presented.

The petitioner here asserts that it was the burden of the insurance company to both plead and prove facts bringing the case within the exceptions and limitations to the general liability of the insurance policy. The greater weight of American authority seems to be in accord with this contention. Perhaps, in view of the result reached in this case, the rule that the burden of proof follows the burden of pleading should be adopted in Texas. However, we recently reviewed the history of Rule 94 in Hardware Dealers Mutual Insurance Co. v. Berglund, 393 S.W.2d 309 (Tex.Sup.1965), and concluded that when an issue as to an exception or limitation to the general liability of the policy was raised by proper pleading, the plaintiff had the burden of proving that the risk to which the loss was attributable did not come within the pleaded exception or limitation. However, it does not follow from petitioner's insistence upon an argument that has been rejected by this Court that he is before the appellate courts without a proper point of error. The action of the trial court, of which petitioner complains, was the giving of a peremptory instruction directing the jury to return a verdict for the defendant. This complaint has been preserved by points contained in petitioner's brief and motion for rehearing in the Court of Civil Appeals and in his application for writ of error filed in this Court. It is not the office of a point to specify the reason why a court's action is deemed erroneous. Clarendon v. McClelland, 86 Tex. 179, 23 S.W. 576, 1100 (1893); Lang v. Harwood, 145 S.W.2d 945 (Tex.Civ.App.1940, no writ).[1] The function of the point is simply to state the action of a court complained of, e. g. overruling an exception, granting a continuance, excluding proffered evidence, or granting a motion for an instructed verdict. In Warren v. Houston Oil Company, 6 S.W.2d 341 (Tex.Com.App.1948), it was said that an assignment of error was sufficient which merely stated that the trial court erred in giving a summary (peremptory) instruction. See also, Green v. Hall, 228 S.W. 183 (Tex.Com.App.1921).

The narrow issue in this case is whether Rule 90 or the rule against sham pleading should control. For the reasons stated, I submit that the pleading of all the exceptions and limitations to the general liability of the policy should be disregarded and this cause remanded for trial upon the issue of fraudulent representation. Certainly, the result so far achieved in this case can only be described as a procedural miscarriage. I respectfully dissent from the order of affirmance.

SMITH, J., joins in this dissent.

1. The opinioin in Lang v. Harwood was written by Mr. Justice James P. Alexander, a leader in procedural reform, while still a member of the Waco Court of Civil Appeals, but after he had been elected Chief Justice of this Court.