INTERNATIONAL SECURITY LIFE IN-
SURANCE COMPANY, Appellant,

v.

Mrs. Louise HOWARD, Appellee.

No. 4890.

Court of Civil Appeals of Texas,
Waco.

June 25, 1970.

Rehearing Denied July 23, 1970.

Bryan & Amidei, Fort Worth, for appellant.

Baker & Altaras, Kenneth A. Malvey, Cleburne, for appellee.

OPINION

HALL, Justice.

This is an appeal by an insurance company, defendant in the trial court, from a judgment awarding the plaintiff-insured, appellee here, benefits totaling $821.10 under a "medical and hospital policy" issued to plaintiff by the company, plus 12% penalty and attorney's fee. We affirm.

Trial was non-jury. Express findings and conclusions of fact and law were not requested of, nor filed by, the trial court.

The appellant's answer contains the following allegations, to which plaintiff took no exception:

"Said defendant herein does hereby specifically plead in defense to the plaintiff's action * * *

(1) The provisions, limitations and exclusions contained in the insuring clause of said policy.

(2) The provisions, limitations, and exclusions contained in Part I of said policy.

(3) The provisions, limitations and exclusions contained in Part II of said policy.

(4) The provisions, limitations and exclusions contained in Part III of said policy.

(5) The provisions, limitations and exclusions contained in Part VI of said policy.

(6) The provisions, limitations and exclusions contained in Part IX of said policy.

(7) The provisions, limitations and exclusions contained in Part XI of said policy."

In Sherman v. Provident American Insurance Company, (Tex.Sup., 1967) 421 S.W.2d 652, 653, the court held that the burden of proof is on an insured to negate policy provisions of exclusions and limitation pleaded defensively by an insurer in an action on the policy. The court held, also, that defensive pleadings of policy exclusions and limitations in a broad and general fashion, similar to appellant's pleadings in this case, were "obviously sham befenses;" but were, if not excepted to, sufficient to meet the requirements of Rule 94, Texas Rules of Civil Procedure, that they be alleged "specifically."

The appellant presents a series of points of error in which it complains that plaintiff " * * * failed to negative the provisions, exclusions and limitations * * * contained in the insuring clause of said policy;" " * * * failed to negative the provisions, exclusions, and limitations contained in Part I of said policy;" " * * * failed to negative the provisions, exclusions and limitations contained in Part II of said policy;" and so forth, with additional points identically phrased which refer to the other parts of the policy pleaded in the answer. In its statement and argument under those points, which are grouped for that purpose, appellant simply says that the plaintiff "wholly failed by proof to negative any of the limitations, provisions and exclusions as plead specifically by appellant as defenses in this case."

Each part of the policy "pleaded specifically" by appellant contains several or many provisions, or exclusions, or limitations. However, appellant does not, in its points or argument, make complaint of any particular matter which it contends plaintiff failed to disprove. Thus, the points are multifarious and far too general to be considered under the briefing requirements of Rule 418, Texas Rules of Civil Procedure. Missouri-Kansas-Texas Railroad Co. v. McFerrin, 156 Tex. 69, 291 S.W.2d 931, 941. They are overruled.

Moreover, a consideration of the points on their merit would require that they be overruled. The evidence in this case and the reasonable inferences that can be drawn therefrom, when viewed most favorably toward the finding, are legally

sufficient to support the implied findings of the trial court that negate the exclusions, limitations and provisions pleaded defensively by appellant. The record shows without contradiction that the policy was issued on September 20, 1968; that plaintiff is the insured named in the policy; that she paid the first year's premium stated in the schedule in advance; that she lives in Burleson, Texas; that on February 4, 1969, she slipped on some orange juice, fell to the floor, and sustained an accidental bodily injury; that the policy in question was in force at that time; that she consulted Dr. J. E. Falk, of Alvarado, Texas, for treatment; that Dr. Falk is a licensed Doctor of Osteopathy who has been in public practice since 1946; that he ordered plaintiff hospitalized in the Fort Worth Osteopathic Hospital, Inc., in Fort Worth, Texas; that plaintiff was carried to that hospital in an ambulance; that she remained in the hospital from the date of injury through February 17, 1969; that X-ray studies made in the hospital by Dr. Falk revealed that plaintiff fractured her sacrum when she fell; that the fracture did not result wholly or partly from any sickness or accident originating prior to the effective date of the policy; that Dr. Falk practices in the Fort Worth Osteopathic Hospital; that he saw plaintiff while she was in the hospital and treated her there for her injury; that he did not perform surgery on plaintiff while she was hospitalized because it was not necessary; that records were kept of services rendered to plaintiff by the hospital, including laboratory services; that plaintiff continued to see Dr. Falk, after she left the hospital, until March 11, 1969; that all expenses for which plaintiff sought recovery were reasonable and necessary; that plaintiff was employed and sustained the injury in question on the job; that she received workmen's compensation benefits, including payment of the medical expense, as a result of the injury.

Appellant presents another point in which it contends that plaintiff failed in certain particulars to "plead and prove" that the hospital in which she was treated was a "legally constituted hospital" as that term is defined in the policy. We overrule those contentions.

■ Although we would hold that plaintiff's pleadings are adequate, the question of their sufficiency is not truly before us for decision. In the trial court, appellant did not make or take any objection or exception based upon the inadequacy of plaintiff's pleadings; and the parties proceeded upon the premise that the pleadings were sufficient. Insufficiency of pleadings cannot be raised for the first time in the appellate courts. Rule 90, Vernon's Texas Rules of Civil Procedure; Sherman v. Provident American Insurance Company, supra.

■ It is our view of the record that there is some probative evidence to support the implied findings of the trial court that the hospital in which plaintiff was treated was a "legally constituted hospital," as defined and intended in the contract of insurance insofar as the particular complaints of appellant in that regard are concerned.

All of appellant's points and contentions are overruled. The judgment is affirmed.

WILSON, Justice (concurring).

The policy "parts" mentioned contain 128 lines of small type, much of which cannot be construed as a "particular exception to the general liability" which the insurer is required by Rule 94, Texas Rules of Civil Procedure to "specifically allege". That Rule states the insurer shall *"not be allowed to raise"* such issues unless it so *"specifically"* alleges the *"particular exception"*. The "parts" of the policy contain provisions which are not exceptions, limitations or exclusions, and the exceptions have not at all been specifically alleged.

While the appellate court may not be authorized to *reverse* the judgment where there is a sham pleading which "violates the spirit and letter of the Rule" in an attempt "to frustrate the intended purpose

of the Rule", as the Supreme Court said in the Sherman case, it is authorized to *affirm* here because the Rules states the insurer shall "not be allowed to raise the issues" in such situation. In the Sherman case, the Supreme Court had no point or asserted error on which it could reverse, and it obviously did not feel empowered to *reverse* "upon its own motion", as the dissenting opinion suggested. The only question there presented to the Supreme Court was "who has the burden of proof?". Here, we are authorized to affirm for the reasons stated.

Any other decision can lead to an absurdity. On logic, an insurer could as well allege it relies on and alleges as a defense *"every* provision, exception, limitation and exclusion contained in the policy"; and on appeal point to one obscure exception which it contends plaintiff failed to negate. It could then with equal force and reason urge that it had "specifically alleged" that exception. I concur in the opinion, but I would affirm because the insurer did not attempt to meet the very minimum prerequisite of Rule 94, and the purported allegation of exceptions relied on should be disregard as "violating both its spirit and its letter".