**INTERNATIONAL SECURITY LIFE INSURANCE COMPANY, Appellant,**

**v.**

**Mose C. JONES, Appellee.**

**No. 4402.**

Court of Civil Appeals of Texas, Eastland.

Oct. 30, 1970.

Rehearing Denied Jan. 8, 1971.

A. J. Bryan, Ft. Worth, for appellant.

A. J. Smith, Jr., Anson, for appellee.

COLLINGS, Justice.

Mose C. Jones brought this suit against International Security Company seeking to recover upon a hospitalization insurance claim. The Defendant insurance company answered by a general denial and urged in defense certain limitations and exclusions contained in the policy of insurance. The case was tried before the court without a jury and judgment was rendered for Plaintiff in the sum of $543.40 as benefits under the policy, 12 per cent penalty because of Defendant's failure to timely pay said benefits and for $350.00 attorney's fees. The Defendant insurance company has appealed.

We overrule Appellant's first and second points in which it is contended in effect that the court erred in rendering judgment for Plaintiff because there was neither pleadings nor evidence to negative Appellant's pleaded policy exclusions to the effect that the hospital in question was not an institution operated primarily as a rest home, nursing home, or similar institution. Appellee asserted in his original petition that on or about August 15, 1968 Defendant issued the medical and hospital policy in question, wherein it was agreed that Defendant would pay all the usual and customary expenses incurred while Plaintiff was confined as a bed patient in a legally constituted hospital and in addition would pay the expenses incurred by Plaintiff for medical care while so confined. Appellee further alleged that on or about September 8, 1969 while the policy was in full force and effect Plaintiff became ill, was placed under the care of doctors and confined in the Stamford Memorial Hospital as a direct result of the illness, and that because of such illness and hospitalization Plaintiff incurred hospital and medical expenses; that Appellant, thereby, became bound and liable to Plaintiff for the sum of $543.40.

Appellee's pleadings fully support the judgment. Appellee was not required in his pleadings to negative Appellant's pleaded policy exclusions. Numerous points by Appellant urging to the contrary are overruled. Rule 94 of the Texas Rules of Civil Procedure provides:

"Where the suit is on an insurance contract which insures against certain general hazards, but contains other provisions limiting such general liability, the party suing on such contract shall never be required to allege that the loss

was not due to a risk or cause coming within any of the exceptions specified in the contract, nor shall the insurer be allowed to raise such issue unless it shall specifically allege that the loss was due to a risk or cause coming within a particular exception to the general liability."

It is held, however, that when an insurer pleads exceptions, limitations and exclusions as defenses a Plaintiff suing on the policy has the burden of proof to negative all such exceptions and limitations. Sherman v. Provident American Insurance Company, 421 S.W.2d 652 (Tex.Sup. 1967).

■ Contrary to Appellant's contention the judgment was supported by evidence showing that the hospital confinement of Appellee was in a legally constituted hospital. Dr. Tom Bunkley, whom the record shows was a duly licensed and practicing doctor of medicine in Stamford, Texas, was the doctor who treated Appellee. The doctor testified that he placed Appellee Jones in the Stamford Memorial Hospital for treatment and that such institution was duly licensed by law as a hospital with its own laboratory, x-ray equiment, and operating room where major surgical operations may be performed, and that such institution maintains permanent and full time facilities for the care of overnight resident patients under the supervision at all times of a licensed doctor of medicine and a graduate registered nurse and maintains complete and permanent records of the history of each patient. This constitutes some evidence that the hospital in question was a duly licensed hospital under the statutes of this state, and that it was not an institution operated primarily as a rest home, nursing home, or some similar institution.

In other points Appellant contends that Appellee has failed to meet his burden of proof, in that there is no evidence to negative the policy exclusions pleaded by Appellant providing that no indemnities

shall be paid for any loss resulting from sickness originating prior to the effective date of the policy to wit: August 15, 1968, and that there is no evidence to negative the pleaded policy exclusion defense that no payments shall be paid for loss because of sickness in cases where hospitalization is provided at the expense of any philanthropic, fraternal, eleemosynary or governmental agency, or otherwise provided without cost to the insured.

Dr. Bunkley testified that he saw Appellee Jones when he became ill on or about August 29, 1969 and that after examination and tests Appellee's illness was diagnosed as diabetes. He further testified that after the tests were made to determine the nature of the illness (for which no recovery is sought) he on September 8, 1969 admitted Appellee to Stamford Hospital to regulate his diabetes; that Appellee remained in the hospital through September 20, 1969 and that Appellee's stay in the hospital during such period was not for diagnostic purposes; that Appellee was kept in the hospital to regulate, to determine the level of and to control his diabetes; that such treatment was necessary in the control of his disease. The doctor identified Appellee's bill from the hospital in the amount of $468.40 and the doctor bill in the sum of $65.00. He testified that the charges shown were reasonable and necessary for the medical treatment given to Appellee.

■ The record shows that the date of the policy sued upon was August 15, 1968. The testimony of Appellee and of his doctor indicate that he became ill on September 8, 1969. This constitutes some evidence that Appellee's sickness did not originate prior to the effective date of the policy. Appellant's point to the contrary is overruled.

■ We also overrule Appellant's point contending that there was no evidence to negative Defendant's pleaded policy exclusion to the effect that no indemnies should be paid for loss result-

ing from sickness or injury where hospitalization is provided at the expense of any philanthropic or governmental agency without cost to Appellee. Appellee indentified the hospital and doctor's bills which he testified had been "rendered" to him. He stated that payment thereof had not been made, and that Appellant had refused Appellee's request for payment of such bills. This constitutes some evidence negativing the pleaded policy exclusion in question.

In points seven and eight Appellant contends that the court erred in overruling its objection and exception to the introduction into evidence of the insurance policy in question and its contention that Appellee failed to plead a cause of action. Appellant contends that Appellee had the burden to plead the terms and provisions of the policy upon which he relied for judgment. These points are overruled. The terms of the insurance policy had been pleaded by Appellee. He alleged that policy number CP–8726 had been issued by Appellant in which Appellant agreed to pay all the usual and customary expenses incurred by Appellee. Appellee further alleged that Appellant was called upon to produce the policy in court, that Appellant failed to do so, and that thereupon the policy was introduced into evidence by Appellee.

We also overrule Appellant's points contending that Appellee failed to plead or prove that the hospital bill in question and the charges therein were authorized by a legally qualified doctor of medicine. The record shows that Dr. Bunkley was a legally qualified doctor of medicine. The pleadings of Appellee, and the testimony of Appellee and Dr. Bunkley amply support the implied finding of the court that such hospital bill and charges were authorized by a legally qualified doctor of medicine.

Appellant's points are all overruled.

The judgment is affirmed.